466 So.2d 741 (1985)
STATE of Louisiana
v.
Stephen JOHNSON.
No. KA-2245.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Writ Denied May 24, 1985.
*742 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Julia S. Coley, Beryl McSmith, Asst. Dist. Attys., New Orleans, for appellee State of La.
M. Craig Colwart, New Orleans, for appellant.
Before GARRISON, CIACCIO and BYRNES, JJ.
BYRNES, Judge.
Stephen Johnson, defendant-appellant was charged by bill of information with armed robbery in violation of R.S. 14:64, and attempted armed robbery in violation of R.S. 14:64 and 14:27. The jury found appellant guilty on both counts he was sentenced to 99 years at hard labor without benefit of parole, probation, or suspension of sentence for armed robbery and 40 years at hard labor for the attempted armed robbery with the sentences to run concurrently. This appeal followed.

FACTS
At 3:20 a.m. on January 23, 1983 the victims, Henry Harris and his aunt, Gloria Hastings, were standing at the corner of St. Philip and Treme Streets in New Orleans. Ms. Hastings was in the process of using a pay telephone when the appellant and his accomplice, Kevin Jackson, approached. Jackson grabbed Ms. Hastings around the neck and Johnson placed a gun to Mr. Harris' head. The assailants demanded that the couple give them whatever they had. Ms. Hastings removed her jewelry and gave it to Jackson. At this point, a police car passed by and Ms. Hastings pushed Jackson out of the way and ran towards the car. Appellant took Mr. Harris around the corner where they could not be seen. While the officer apprehended Jackson and recovered the jewelry, the appellant released Mr. Harris and escaped.
Jackson pled guilty to simple robbery and implicated Johnson in his statement. Six months after the crime occurred, Johnson was apprehended and Ms. Hastings identified him in a line-up as the assailant who had held a gun to Mr. Harris' head.
Appellant refused to plead guilty stating that he had "found the Lord" and wanted to admit his guilt on the stand. He testified at trial, admitting his involvement, and stated that the gun he used was missing the firing pin and was incapable of firing.

ASSIGNMENTS OF ERROR
Appellant asserts five assignments of error in his brief to this court. He contends that:
1). The trial court erred in excusing a juror for cause;
2). The trial court erred in admitting into evidence the hearsay testimony of Officer Vickers;
3). The trial court erred in making comments on the evidence during trial;
4). There was insufficient evidence to convict him of the attempted armed robbery charge; and
5). The sentences imposed were excessive.

EXCUSING THE JUROR
By this assignment, appellant contends that the trial court was incorrect in excusing for cause a prospective juror. This juror was excused by the court when he stated during voir dire that he could not convict someone of armed robbery unless the state could produce the weapon. However, upon further questioning, he indicated that if the prosecution could produce twenty eyewitnesses who stated they saw a gun, then he would be inclined to believe that a gun was used. The state challenged this witness and the court excused him.
A defendant may complain about an erroneous challenge for cause if the effect *743 of allowing the challenge is to provide the state with more peremptory challenges then it is entitled to. See La.Code of Criminal Procedure, Article 800. Where the offense is punishable "necessarily by imprisonment at hard labor each defendant shall have eight peremptory challenges, and the state eight for each defendant". C.Cr.P. Article 799. Armed robbery and attempted armed robbery are necessarily punishable by imprisonment at hard labor. LSA-R.S. 14:64(B) and 14:27 D(3). Therefore, the state was allowed eight peremptory challenges in this case.
The record indicates that the prosecution used only six of its peremptory challenges. As they were allowed eight, this juror's excusal for cause did not afford the state an additional peremptory challenge to which they were not entitled. Accordingly, the trial court's ruling in this regard will not be disturbed.

OFFICER VICKERS' TESTIMONY
By this assignment, appellant argues that the trial court erred in admitting the hearsay testimony of Officer Vickers over defense counsel's objection.
Officer Vickers was the arresting Officer. At trial he was asked on direct examination what had transpired at the scene of the crime. He related his recollection stating:
At this time the female victim, Miss Hastings, began screaming as she broke... and ran towards me ... The victim Hastings advised me that this subject here along with the subject whoTr. 5
At this point, the defense objected to the officers' testimony and the objection was subsequently overruled. Direct examination was resumed and Officer Vickers continued:
She told me that the subject who had just fled the scene and this subject had just robbed her at gun point ... Tr. 16
The jurisprudence and statutes of this state provide various exceptions to the general rule that hearsay testimony is inadmissable as evidence. La.R.S. 15:434 and State v. Smith, 285 So.2d 240 (La.1973). One such exception is the "excited utterance" exception. State v. Henderson, 362 So.2d 1358 (La.1978). In that case, the Court found that in order for a statement to qualify under the "excited utterance" rule:
There must be an occurrence or event sufficiently startling to render normal reflective thought processes of an observer inoperative. Additionally, the statement of the declarant must have been a spontaneous reaction to the occurence or event and not the result of reflective thought. 362 So.2d at 1362.
In the present case, Ms. Hastings pushed her assailant, began screaming, and ran toward Officer Vickers. When she reached him, she stated that she had just been robbed at gun point by appellant and his accomplice. The event of being robbed at gun point and held by the throat is certainly "sufficiently startling to render normal reflective thought processes inoperative". Secondly, the record supports the finding that the declarant's, (Ms. Hastings') statement was spontaneous. See State v. Krolowitz, 407 So.2d 1175 (La.1981). The questioned testimony of Officer Vickers falls within the "excited utterance" exception to the hearsay rule and was properly admitted.

THE JUDGE'S COMMENT ON THE EVIDENCE
Appellant further contends that the trial judge committed reversible error by making certain comments on the evidence during the trial.
The record reflects that defense counsel failed to object timely to the remarks. Therefore, appellant has waived his right to raise this issue on appeal. C.Cr.P. Article 841. See: State v. Ellwest Stereo Theatres Inc., 412 So.2d 594 (La.1982) and State v. Alford, 384 So.2d 761 (La.1980).

SUFFICIENCY OF THE EVIDENCE
Appellant argues that the evidence presented at trial was insufficient to convict *744 him of attempted armed robbery. In accordance with State v. Raymo, 419 So.2d 858 (La.1982), the record has also been reviewed for sufficiency regarding the conviction on the armed robbery charge.
Appellant was convicted of the armed robbery of Ms. Hastings. LSA-R.S. 14:64 defines armed robbery as follows:
Armed robbery is the taking of anything of value belonging to another from the person of another, by use of force or intimidation, while armed with a dangerous weapon.
Mr. Harris, Ms. Hastings, and appellant's accomplice, Kevin Jackson, testified at trial. They stated that appellant held Mr. Harris at gunpoint while Ms. Hastings, who was being held around the neck by Jackson, surrendered her jewelry. Appellant himself testified and admitted to committing the crime.
Attempted armed robbery is comprised of the following elements: (1) the specific intent to take something of value (2) from another person (3) using force or intimidation (4) armed with a dangerous weapon and (5) the perpetrator further "does or omits an act for the purpose of and tending directly toward" robbery. LSA-R.S. 14:27.
In this case, Mr. Harris testified that the gun was placed to his head and that, he and Ms. Hastings were told to "give it up". Appellant testified that he and Jackson set out that night specifically to rob someone, and that Mr. Harris and Ms. Hastings became the objects of their intent. Clearly, the only event which prevented Mr. Harris from losing his valuables was Officer Vickers' timely arrival on the scene.
This testimony established intent, the use of force, and the use of a dangerous weapon as to the attempted armed robbery of Mr. Harris.
Viewing the evidence in the light most favorable to the prosecution, the evidence is sufficient for a rational trier of fact to conclude that appellant is guilty beyond a reasonable doubt on all counts. Jackson v. Virgina, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984).

EXCESSIVE SENTENCE
Appellant's final contention is that the trial court imposed an excessive sentence. He was sentenced for armed robbery to 99 years at hard labor without benefit of parole and for attempted armed robbery to 40 years at hard labor.
LSA R.S. 14:64 provides:
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole probation of suspension of sentence.
La.R.S. 14:27 D(3) provides that the penalty for attempted armed robbery cannot exceed one-half of the maximum term for armed robbery. Thus, the maximum possible sentence on the attempted armed robbery charge is 49½ years. Therefore, appellant received the maximum sentence for armed robbery and less than the maximum sentence for attempted armed robbery.
Under State v. Telsee, 425 So.2d 1251 (La.1983), a sentence may be reviewed for excessiveness even if it is within the statutory limits. The most severe sentences are generally reserved for the most severe violations. State v. Telsee, supra.
The record reflects that the trial judge, in compliance with C.Cr.P. Art. 894.1, considered both mitigating and aggravating circumstances. The judge stated:
The defendant's criminal conduct threatened serious harm, grabbing two of the victims around the neck and placing the gun to their head as he demanded their property. While the defendant claimed that he did not intend to shoot anyone and that his gun did not contain a firing pin, this Court does not believe him in view of his extensive criminal record. There is no evidence that the defendant acted under provocation of any kind or that his actions were justified. Nor is there any evidence that any of the victims *745 induced the commission of the defendant's crime. There is no evidence of any attempt or desire to recompense any of the victims. The defendant had an extensive history of prior delinquency, having been arrested some twenty-two times since 1973 for theft, burglary, robbery, and other crimes. In the defendant's own words he has been in and out of jail all his life. Although the defendant made a full judicial confession and stated from the witness stand that the Lord had made him see the error of his ways, this Court is not impressed with the sincerity of his conversion. Finally, noting that the defendant in 1982 pleaded guilty to attempted simple robbery, and in 1983 to aggravated assault, the court feels the defendant's criminal conduct is most likely to recurr if he is placed back into the community in the foreseeable future. Sentencing Tr. 2
The trial judge clearly and adequately stated for the record the factual basis therefor in imposing sentence. We now turn to a determination of whether the sentence imposed was too severe.
Appellant has a lengthy juvenile record. His adult convictions, particularly aggravated assault, indicate a risk of physical harm to others from Johnson's conduct. Although the victims suffered no actual physical harm, being held by the neck and with a gun to the head in the middle of the night is a frightening and traumatic experience. We cannot say that the trial judge court manifestly abused his discretion in imposing the sentences in this case. Accordingly, this assignment is without merit. See: State v. Quebedeaux, 446 So.2d 1210 (La. 1984); State v. Trahan, 425 So.2d 1222 (La.1983).
Appellant further contends that he received the maximum sentence as a penalty for refusing to plead guilty when he knew he was going to admit the crime at trial. We have found no evidence to support this contention.
Appellant's conviction and sentence are affirmed.
AFFIRMED.