482 So.2d 150 (1986)
STATE of Louisiana
v.
Michael AUGUSTINE.
No. KA-3715.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
*151 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for appellee.
Elizabeth W. Cole, Supervising Atty., New Orleans, for appellant.
Before GULOTTA, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Michael Augustine, was charged by bill of information with the August 5, 1984 armed robbery of Linda Stonebreaker, a violation of LSA R.S. 14:64.[1] On August 17, 1984, defendant was arraigned and pled not guilty. On April 3, 1985, defendant was found guilty of attempted armed robbery by a twelve member jury. On April 10, 1985, defendant's motion for a new trial was denied. Defendant waived all delays and was sentenced to serve forty-nine and one-half years at hard labor (49½) without benefit of parole, probation or suspension of sentence.
FACTS:
On August 5, 1984, at approximately 2:30 a.m., Linda Stonebreaker, Rhonda Hopkins and Susan Barranco, were walking down Dauphine Street in the French Quarter toward their automobile when they were approached by two black males. As the women approached the two men, defendant grabbed Ms. Stonebreaker's shoulder purse. The other assailant, Samual Hawkins, lunged toward Ms. Stonebreaker with a knife. Both fled on foot.
An off duty State Trooper, Robert Barum fortuitously pulled into the intersection of St. Louis and Dauphine Streets and heard Ms. Stonebreaker scream. He looked to his right and observed defendant and Hawkins running toward him. Barum pulled his marked police car into the intersection and got out of the car. As defendant and Hawkins saw Barum, they stopped running and began to walk in opposite directions. Defendant walked across the street to the left-hand, or lake-side of Dauphine while Hawkins continued to walk toward the intersection of St. Louis. Barum observed defendant drop Ms. Stonebreaker's purse as he walked between two parked cars. Barum then detained defendant and ordered Hawkins to come over to him which he did. Both men were ordered to place their hands against a wall. Barum walked over to the stolen purse which was lying only a couple of steps away. As he reached down, defendant bolted and ran lakebound down St. Louis Street. Barum asked a civilian onlooker to hold Hawkins against the wall. Barum chased defendant on foot while radioing his position over his hand-held police radio. New Orleans police units responded to the call. Defendant was chased in and out of various French Quarter Streets by Barum and several police units until he was eventually captured by Officer John Duzac. Duzac recovered a knife from defendant's rear pants pocket.
The three women were transported to the scene of defendant's arrest where both men were placed side by side in handcuffs. All three women positively identified defendant *152 as the one who grabbed Stonebreaker's purse and Hawkins as the one who lunged at her with the knife. No more than five minutes elapsed between the robbery and the identification of defendant and Hawkins as the perpetrators.
Defendant appeals his conviction and sentence asserting the following specifications of error:
1) The trial court erred in failing to grant the Motion to Suppress Identification.
2) The trial Court's jury instruction defining reasonable doubt violated defendant's constitutional rights.
3) The evidence was insufficient to support the jury's verdict.
4) The trial court erred in imposing an excessive sentence.
ASSIGNMENT OF ERROR 1:
Defendant asserts that the trial court erred in denying his motion to suppress the identification because the procedure used was unduly suggestive.
In reviewing an identification procedure, the court must determine whether the procedure was so unnecessarily suggestive and so conducive to an irreparable mistaken identification that the defendant was denied due process of law. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
In State v. Bickham, 404 So.2d 929, 934 (La.1981), the Louisiana Supreme Court discussed one-on-one identifications:
"One-on-one confrontations between a suspect and a victim, while not favored by the law, are permissible when justified by the overall circumstances. State v. Dunbar, 356 So.2d 956 (La.1978). Such identification procedures are generally permitted when the accused is apprehended within a short time after the offense and is returned to the scene of the crime for on-the-spot identification. A prompt in-the-field identification, under appropriate circumstances, promotes accuracy, as well as expediting the release of innocent suspects."[2]
The circumstances of the instant case fall clearly within the Bickham standards. Defendant was apprehended, arrested and identified a few minutes after the robbery took place. The facts of this case do not present a substantial risk of misidentification. Bickham, supra. Defendant's argument that the Bickham standard does not apply when there is more than one suspect or more than one victim is not founded in law. The motion was properly denied.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant asserts the trial court erred in defining "reasonable doubt" in the court's instructions to the jury. He argues that the words "reasonable doubt" are self-explanatory and require no definition, and that by defining reasonable doubt he invited the jury to convict on a lesser standard of proof than required.
Code of Criminal Procedure Article 804[3] authorizes the trial court to define reasonable doubt. The Louisiana Supreme Court[4] and this Court[5] have permitted definitions of "reasonable doubt" in jury charges which were almost identical to the definition given in the instant case.[6] Defendant *153 argues that the charge to the jury given by the trial court contained the same fatal defect as found in State v. McDaniel, 410 So.2d 754 (La.1982). In McDaniel, the Louisiana Supreme Court reversed defendant's conviction because of the inclusion in the charge of a definition of reasonable doubt which the court found misleading and confusing. However, the charge in McDaniel contained the language, "It [reasonable doubt] must be one that would make you feel morally uncertain as to the defendant's guilt." Furthermore, the court found, "the reversal in McDaniel was based not only on the erroneous `morally uncertain' language of the charge but also because of other language in the charge which misled the jury from engaging in reasonable doubt because of a lack of evidence in the case." Rodney, supra at 671. Thus, we do not find that any one of the several definitions of "reasonable doubt" was clearly erroneous.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 3:
Defendant asserts that the evidence was insufficient to support the jury verdict.
When reviewing for sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
To support a conviction of armed robbery, the State must prove that the defendant (1) took (2) anything of value belonging to another (3) from the person of the other (4) by use of force or intimidation, (5) while armed with a dangerous weapon. In the instant case, the victim testified that the defendant ripped her purse off of her arm while the co-defendant threatened her with a knife. LSA R.S. 14:24 provides:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
Defendant argues that the jury could only have returned a verdict of simple robbery because there was no evidence that a knife or any other weapon was used by defendant. However, under LSA R.S. 14:24, defendant is a principal to his co-defendant's threatening the victim with a knife and, as such, may be charged and convicted of armed robbery. Here, the testimony was uncontradicted that a knife was used in the robbery. Thus, the evidence was sufficient to support defendant's conviction of armed robbery[7] and therefore sufficient to convict of the lesser included offense of attempted armed robbery. LSA R.S. 14:5.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 4:
Defendant asserts the sentence imposed by the trial court of forty-nine and one-half years (49½) was excessive.
The imposition of a sentence, although within the statutory maximum, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless *154 and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert den., Brogdon v. Louisiana, ___ U.S. ___, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).[8] There must be an indication in the record that the trial court considered both the aggravating and mitigating circumstances set forth in C.Cr.P. Art. 894.1 in determining defendant's particular sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (1984); State v. Swift, 449 So.2d 654 (La.App. 4th Cir. 1984).
In the instant case, the record clearly reflects the sentencing court complied with C.Cr.P. Art. 894.1. Here, the trial court articulated well the basis for his sentence. He noted that the victim was violently knocked to the ground and threatened with a knife; the total lack of provocation and the extensive criminal record of defendant including at least forty (40) arrests and several convictions which reflects in the words of the sentencing judge that he is truly, "an incorrigible menace to the citizens of this community" and that the defendant is "in need of a substantial period of correctional treatment in a custodial environment."
In looking to similar cases we find this court has upheld sentences for attempted armed robbery of forty (40) years at hard labor, State v. Johnson, 466 So.2d 741 (La. App. 4th Cir.1985), writ denied, 469 So.2d 979, and ninety-nine (99) years at hard labor for a second offender, State v. Williams, 454 So.2d 295 (La.App. 4th Cir.1984). Thus, we find that the sentence in this case, is not excessive.
This assignment of error is without merit.
ERRORS PATENT:
We have reviewed the record for errors patent as required by C.Cr.P. Art. 920(2) and find none.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA R.S. 14:64:

"A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."
[2] See also: State v. Dunbar, 356 So.2d 956 (La. 1978); State v. Senior, 446 So.2d 453 (La.App. 4th Cir.1984).
[3] C.Cr.P. Art. 804 provides:

"The court may, but is not required to define `the presumption of innocence' or `reasonable doubt' or give any other or further charge upon the same than that contained in this article."
[4] State v. Taylor, 410 So.2d 224, 225 (La.1982).
[5] State v. Rodney, 459 So.2d 669, 670-671 (La. App. 4th Cir.1984).
[6] "... The burden, therefore, is on the state to establish the guilt of the accused, each of them, to your satisfaction and beyond a reasonable doubt. It is your duty as jurors to consider all the evidence and then apply the law as given by the Court.

If you entertain a reasonable doubt as to any fact or element necessary to constitute either of the defendant's guilt, it is your duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, yet if it does not establish such guilt beyond a reasonable doubt, you must acquit the accused. However, this doubt must be a reasonable one; that is, one that is founded upon a real, tangible, substantial basis, and not upon mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty raised in your minds by reason of the unsatisfactory character of the evidence or the lack thereof.
A reasonable doubt is not a mere possible doubt, it is an actual or substantial doubt. It is a doubt that a reasonable man would seriously entertain. What is required is not an absolute or mathematical certainty, but a moral certainty...."
[7] State v. Rash, 444 So.2d 1204 (La.1984); State v. Sutton, 436 So.2d 471 (La.1983).
[8] See also: State v. Nealy, 450 So.2d 634 (La. 1984); State v. Davis, 449 So.2d 452 (La.1984); State v. Savage, 454 So.2d 288 (La.App. 4th Cir.1984); State v. Swift, 449 So.2d 654 (La.App. 4th Cir.1984).