WILLIAMS, Judge.
Kenneth Smith and Randolph Walker were convicted by a six-person jury of theft of property having a value of over one hundred dollars but less than five hundred dollars, a violation of LSA-R.S. 14:67. Smith was then sentenced by the trial court to serve two years at hard labor and Walker was sentenced to serve eighteen months at hard labor. In appealing their convictions, the defendants urge two assignments of error.
On May 14, 1984, Randolph Walker entered the Dollar General Store on St. Claude Avenue in Arabi, Louisiana. He selected a “Grand Prix” radio-tape player that was on display in the rear of the store and took it to the check-out counter located at the store’s entrance. Walker then began to question a store employee, Susan Schmidt, about putting the radio in “lay-away” and when she told him that the store did not offer this service, he began to argue with her. During the course of the argument, Walker placed the radio on the floor in front of the check-out counter and out of Schmidt’s view. In the meantime, Kenneth Smith, accompanied by a female, entered the store and began to walk “back and forth” in front of the check-out counter behind where Walker was located. At one point in her argument with Walker, Schmidt noticed Smith stoop down in front of the check-out counter in the general area where Walker had set down the radio. The argument continued for two or three minutes until Schmidt had to end it in order to wait on another store customer. Once completed, Walker again began to question her about the store’s “lay-a-way” plan. When it became apparent to her that they were not going to come to terms, she demanded the return of the radio. Walker failed to produce it and when Schmidt looked in front of the counter, the radio was no longer there. Schmidt then looked out the store’s window and observed Smith walking away from the store carrying a brown paper bag and a “black object” under his arm. She immediately called and related the facts to Dorothy Schmidt, the store manager and Susan Schmidt’s mother-in-law, who in turn notified the St. Bernard Parish Sheriff's Department. Walker refused Susan Schmidt’s request to remain at the store during the time Dorothy Schmidt notified the Sheriff’s Department and left before they arrived.
Once the Sheriff’s deputies did arrive, both Schmidts accompanied them and identified Walker as he was walking down the street. Meanwhile, as the Deputies approached Walker, a witness, Carlos Noto, observed Smith, who was then across the street from Walker and the deputies, throw the radio under a parked car. Mr. Carlos pointed this out to one of the deputies, who then retrieved the radio. Smith was later identified by Susan Schmidt not far from where he had concealed the radio and was arrested.
ERROR PATENT
In our review of the record, we note one error patent. The record indicates that the trial court did not wait twenty-four hours after the denial of the motion for a new trial in imposing the original sentence, contrary to the requirements of C.Cr.P. Art. 873. We, however, find this is harmless error since the defendant has neither alleged nor demonstrated actual prejudice. State v. Brogdon, 426 So.2d 158 (La.1983); State v. Wormser, 467 So.2d 58 (La.App. 4th Cir.1985).
ASSIGNMENT OF ERROR 1
The defendants objection to the introduction of the radio into evidence at the trial was overruled by the trial court. Defendants urge that the State’s failure to indicate that it had possession of the radio and intended to use it in the trial in its response to the defendant’s pre-trial dis *648 covery motion led them to believe that no tangible evidence would be introduced at the trial. They argue that the nondisclosure impaired their ability to assess the strength of the State’s case and this prejudiced them to the extent that a reversal of their convictions is required.
On August 28, 1984, the defendants filed their Motion for Discovery. Paragraph (e) requested, among other things, that the defense counsel be allowed to “inspect ... tangible objects ... which are within the possession, custody or control of the State, which: ... 2. (a)re intended for the use by the State as evidence at trialQ” The State’s response to paragraph (e) was “none.” The State’s reason for the failure to disclose was that the radio did not come into their possession until the morning of the trial. Subsequent testimony revealed, however, that the radio had been in the possession of the St. Bernard Parish Sheriff’s Department following the defendants’ arrest and returned to Dorothy Schmidt with instructions from them to hold it for trial.
Pursuant to C.Cr.P. Art. 718(2), by motion of the defendant, the State has an obligation to make available to the defendant an itemization of material in its possession or control if the State intends to use such material as evidence in the trial. State v. Toomer, 395 So.2d 1320 (La.1981). The duty to disclose is a continuing one. C.Cr.P. Art. 729.3. If the State, subsequent to its compliance with the motion of discovery, discovers additional pertinent evidence or decides to use a particular item not previously disclosed, then the State must notify the defendant of the existence of the additional pertinent evidence or its intended use at the trial. State v. Ray, 423 So.2d 1116 (La.1982); State v. Strickland, 398 So.2d 1062 (La.1981).
The District Attorney’s Office claims that their failure to disclose the whereabouts of the radio and their intent to use it as evidence in the trial was justified because they did not have actual possession of the radio. We find this unpersuasive. This argument completely ignores their constructive possession of the radio by the deputies’ request that Dorothy Schmidt hold the radio until the trial. At the very least, the District Attorney’s Office, when they received the radio from Dorothy Schmidt on the day of the trial, should have notified the defendants immediately of their possession and their intention of using it as evidence under their continuing duty to disclose pursuant to C.Cr.P. Art. 729.3.
Once prosecutorial misconduct is evident, the court must determine the degree of prejudice suffered by the defendant. As stated by the Supreme Court in State v. Ray, supra:
(w)e have previously held that where the defendant has been lulled into a misapprehension of the strength of the State’s case by the failure to fully disclose, such a prejudice may constitute reversible error.
State v. Strickland, supra; State v. Hatter, 350 So.2d 149 (La.1977); State v. Boothe, 310 So.2d 826 (La.1975). However, the failure of the state to comply with the discovery procedure will not automatically command reversal. Rather, we must review the record for a determination of whether any prejudice which may have resulted from the non-compliance caused the trier of fact to reach the wrong conclusion. Id. at 1118-19. (Citations omitted.)
Based on the facts of this case, we cannot hold that any prejudice that may have resulted from the nondisclosure caused the jury to reach the wrong result. The defendants complain that the nondisclosure impaired their ability to assess the strength of the State’s case but offer no supporting reasons as to how their defense would have differed had they known, prior to the trial, the State’s possession of and their intent to use the radio as evidence in the trial. The defendants do not argue the authenticity of the radio as evidence of the stolen radio or that the radio possesses unusual characteristics which would necessitate a pre-trial inspection. Our review of the record shows that although the State’s *649 conduct in its failure to disclose was improper, any prejudice that may have resulted was harmless.
ASSIGNMENT OF ERROR 2
The defendants argue that the State failed to prove the value of the radio as set forth in the Bill of Information. They contend that the testimony of Dorothy Schmidt pertaining to the cost of the radio, without the production of the price tag, is hearsay and therefore, inadmissible.
At the trial, the store manager, Dorothy Schmidt, testified that the retail value of the radio was $149.00 and that the radio was on sale for $129.00 when it was stolen. Her failure to present documentary evidence in establishing the value of the radio goes to the weight of her testimony rather than its admissibility. State v. Hudgins, 400 So.2d 889 (La.1981). The testimony was properly admitted by the trial court. The jury was free to give the testimony such weight as it saw fit in making a determination of value. This assignment of error lacks merit.
For the foregoing reasons, the convictions of Kenneth Smith and Randolph Walker and the sentence imposed by the trial court are affirmed.
AFFIRMED.