499 So.2d 340 (1986)
STATE of Louisiana
v.
Walter A. SMITH.
No. KA 5452.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1986.
Writ Denied March 13, 1987.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Raleigh L. Ohlmeyer, Jr., New Orleans, for defendant-appellant.
Before SCHOTT, KLEES and BYRNES, JJ.
SCHOTT, Judge.
Defendant was convicted of attempted armed robbery in violation of LSA-R.S. 14:64 and sentenced to forty years at hard labor.
On June 5, 1985, around noon, the victim was approaching his parked automobile when two men approached him and asked for fifteen cents. As the victim reached into his pocket to get the change one man pulled a gun and pointed it at the victim's head. The victim grabbed the gun, a scuffle ensued, and the victim was shot in the leg. The robber dropped the gun and fled. On July 5, 1985 the victim identified the defendant as the robber from a photographic lineup.
In our search of the record for errors patent we noted that the trial court did not delay sentencing for twenty-four hours after defendant's motion for new trial was denied as required by C.Cr.P. art. 873. However, no prejudice was alleged by defendant as to this issue and it was not raised by him at any time. We deem this error to be harmless. State v. Smith, 485 So.2d 646 (La.App. 4th Cir.1986).
In the first of his two assignments of error defendant contends the trial court erroneously denied his motion to suppress his identification by the victim from the photographic lineup presented to him by the police. Defendant contends the identification was suggestive because his photograph stood out among the six as his and only one other lacked facial hair.
Defendant's burden is to prove that the identification was suggestive and that there was a likelihood of misidentification *341 resulting from the identification procedure. In determining whether the procedure was suggestive we consider the witness's opportunity to view the defendant during the perpetration of the crime; the degree of attention paid by the witness at the time; the accuracy of any prior description; the degree of the witness's certainty displayed at the time of the identification; and the length of time elapsed between crime and identification. State v. Prudholm, 446 So.2d 729 (La.1984).
Considering these factors, misidentification of defendant by the victim was not at all likely. The victim observed defendant in broad daylight at close range for two or three minutes and his attention was sharply focused on defendant. He immediately described the defendant to the police as 18 or 19 years of age. 5'1 to 5'3" in height; 120 to 140 pounds in weight; clean cut, and medium to dark skin. Defendant was actually 19 years of age, 5'4", 120 lbs., and otherwise as described. Thus, the victim's description of defendant was extremely accurate. Both the policeman who conducted the lineup and the victim testified that the defendant's photograph which was the third of six in the stack was immediately picked without the slightest degree of hesitation or uncertainty. Finally, only a month elapsed between crime and identification.
We have examined the photographic lineup and find no support for defendant's contention that it is suggestive. Defendant's photograph does not display him so singularly that a witness's attention would be unduly focused on him. State v. Smith, 430 So.2d 31 (La.1983). While defendant's photograph may not be a strict match for the others' they resembled defendant's sufficiently to afford a reasonable test of identification. Id.
We have concluded that defendant failed to carry his burden of proof in his attack on his identification so that this assignment is meritless.
By his other assignment defendant contends his sentence was excessive. At the sentencing hearing the trial judge stated:
The defendant stands convicted by jury of the crime of attempted armed robbery with a gun. The Court has considered appropriateness of sentence under the provisions of Code of Criminal Procedure, Article 894.1 and finds as follows: The defendant is nineteen (19) years old, single, and with no listed occupation. He has been arrested ten times in four years for simple burglary, criminal trespass, receiving stolen things, disturbing the peace, possession of marijuana, possession of cocaine, armed robbery and attempted murder. In the last two instances, which form the basis for the present charge and conviction, the defendant and another man accosted the victim outside of a grocery store and asked for change of a dollar. When the victim informed them that he only had fifteen cents in change, the defendant asked for the money, then pulled the gun and pointed it at the victim's head and started to go into his pocket. The victim then grabbed the gun, but the defendant broke his grip, then shot him. The victim was nevertheless able to knock the defendant down and disarm him. The victim spent three days in the hospital with a severed artery. His injury required twenty-four stitches and left him with a limp. He still re-lives this terrible experience. This Court has always taken an extremely serious view of the crime of armed robbery in any circumstance, but when it involves an attempted murder and shooting of the victim it acquires a character which negatives any possible extenuation. In the instant case the only difference in the attempted armed robbery and a murder charge lies in the disturbance by the victim of the defendant's aim in his efforts to keep from being shot in the head. For the foregoing reasons the Court feels that any lesser sentence than that which is about to be imposed would deprecate the seriousness of the crime. It is therefore the sentence of this Court that the defendant Walter Smith serve forty (40) years at hard labor, in the *342 custody of the Department of Corrections, without benefit of parole, probation, or suspension of sentence. Remand him.
In State v. Isaac, 487 So.2d 565 (La.App. 4th Cir.1986) this court summarized the principles to be considered in reviewing a sentence and provided the pertinent authorities for such principles. We are not at all persuaded that this forty year sentence, which is near the maximum authorized, is "grossly out of proportion" to the severity of the crime committed by the defendant or is a case of the imposition of "purposeless and needless" pain and suffering. On the contrary, as the trial court explained the circumstances clearly warranted the sentence imposed upon defendant. The trial judge was obliged to apply the guidelines set out in C.Cr.P. art. 894.1 and a careful reading of his statement shows that he did so, covering defendant's age, family status, lack of occupation, background of criminal activity, and the details of the crime. Defendant argues that the court refused to consider mitigating circumstances but there are none in the record. He attacks the judge's suggestion that the crime "involves an attempted murder" as an inaccuracy and as proof that the punishment was not tailored to fit the crime of attempted armed robbery. We agree that the trial judge's statement was an exaggeration. Defendant was not charged with attempted murder, and the element of specific intent to kill the victim was not present. However, defendant pointed a loaded gun at the victim's head while demanding his money and was clearly prepared to kill him. We are unable to deprecate the seriousness of defendant's crime simply because the trial judge used a few ill-chosen words in pronouncing an otherwise suitable sentence.
The sentence imposed in this case was consistent with those affirmed by this court in State v. Augustine, 482 So.2d 150 (La.App. 4th Cir.1986), 49½ years for attempted armed robbery; State v. Johnson, 466 So.2d 741 (La.App. 4th Cir.1985), writ denied, 469 So.2d 979 (La.1985), 40 years for attempted armed robbery; and State v. Williams, 454 So.2d 295 (La.App. 4th Cir. 1984), 99 years for a second offender for attempted armed robbery. We conclude that the trial court did not abuse his sentencing discretion in this case.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.