557 So.2d 997 (1990)
STATE of Louisiana
v.
Kevin SHERMAN.
No. 88-KA-2269.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1990.
Harry F. Connick, Dist. Atty., of Orleans Parish, Michele M. Smith, Asst. Dist. Atty., of Orleans Parish, New Orleans, for appellee.
Sherry Waters, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BARRY, KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant Kevin Sherman was found guilty as charged of attempted armed robbery, in violation of LSA-La.R.S. 14:27 and 14:64, and sentenced to forty years at hard labor without benefit of parole, probation or suspension of sentence.[1] Defendant appeals, arguing that the court imposed an unconstitutionally excessive sentence. We affirm.
On October 7, 1987, at approximately 12:50 p.m., Ms. Deborah Lewis was working in Ray's Cleaners, located at 2729 Freret Street, when two men entered. One of the men asked Ms. Lewis several questions and then the two men left. They returned five to ten minutes later. One of the two, *998 later identified as defendant, said, "Open the register," pulled a gun from his jean jacket and pointed it at Ms. Lewis. The gun discharged and Ms. Lewis fell in a panic to the floor. When she looked over the counter, the perpetrators were gone.
The owner of Ray's Cleaners, Raymond Joseph, was working in the rear of the establishment at the time and heard one shot. As he was walking to the front, Ms. Lewis ran to the rear and said that someone had tried to kill her. Mr. Joseph then directed his son to call the police. A general description of the two men was provided to the police.
Officer Bradley Rhodes and his partner, Officer Kevin Williams, received a report that two Negro males, one with a gun, were running through the Magnolia Housing Project in the 2900 block of Freret Street. The officers were directed by neighbors to an apartment at 2918 Freret Street. There the officers found the defendant and a juvenile, later identified as the defendant's cousin, Corneil Morris, sitting on the floor with a clothes basket between them. The officers found a gun laying on top of the clothes in the basket. A report of an armed robbery two blocks away came over the radio while the officers were in the apartment. After hearing the description of the robbery suspects, the officers apprehended the two men and transported them to Ray's Cleaners. Ms. Lewis positively identified both suspects and positively identified the weapon as the one the defendant was pointing at her. The residence in which the suspects were found was owned by Ms. Teresa Morris, the defendant's cousin. Ms. Morris was the defendant's guardian.
The defendant testified that he was with his cousin, Corneil Morris, the morning of October 7, 1987, and was using a phone near Willow Street when the attempted robbery occurred. The defendant testified that the police searched through the clothes basket and found a gun. He also testified that he knew nothing of the gun and denied running to the project with a gun. Though Ms. Lewis identified the perpetrator as wearing a jean jacket, defendant denied having worn such a jacket.
Defendant Kevin Sherman was charged by bill of information on November 6, 1987, with attempted first degree murder, a violation of LSA-La.R.S. 14:27 and 14:30, and attempted armed robbery, a violation of 14:27 and 14:64. The defendant entered a plea of not guilty as to both charges. On March 7, 1988, a twelve-person jury found the defendant not guilty of attempted first degree murder but guilty as charged of attempted armed robbery. On March 25, 1988, the defendant was sentenced to serve forty years at hard labor without benefit of probation, parole, or suspension of sentence. The state subsequently filed a multiple offender bill under LSA-La.R.S. 15:529.1. On April 8, 1988, the defendant entered a plea of guilty to the multiple bill and was sentenced to serve forty years at hard labor without benefit of parole, probation or suspension of sentence.
By his sole assignment of error, defendant contends that the forty year sentence to be served without benefit of parole, probation or suspension of sentence is unconstitutionally excessive.
La. Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. The sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Brumfield, 496 So.2d 425 (La.App. 4th Cir.1986). A sentence may be unconstitutionally excessive, although within statutory limits, if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering." State v. Coleman, 544 So.2d 1302, 1304 (La.App. 4th Cir. 1989), citing State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
To insure adequate appellate review the record must indicate that the trial court considered aggravating and mitigating factors set forth in La.C.Cr.P. Art. 894.1 in determining the defendant's sentence. Coleman at 1304. Though the trial court need not articulate every factor set forth in C.Cr.P. Art. 894.1, the record must indicate that the court considered the 894.1 guidelines *999 in tailoring a sentence for a particular defendant convicted of a particular crime. State v. Shelton, 490 So.2d 515 (La.App. 4th Cir. 1986).
The record reveals that the trial judge reviewed the defendant's criminal history, his personal history and the facts of the present case. The judge noted that the defendant had sixteen prior arrests as a juvenile for offenses including simple burglary, receiving stolen things, crime against nature and illegal possession of a weapon. The judge also noted that the defendant had a prior felony conviction. The court stated:
"On September 25, 1987, he pleaded guilty in this court for possession of a stolen automobile. He was sentenced to five years active probation, the juvenile record notwithstanding. The juvenile responded to this chance for rehabilitation by committing the instant offense, less than two weeks later."
As to the defendant's personal history, the judge noted that the defendant was eighteen years old, single and without any employment record. As to the facts of the present case, the judge noted:
"The facts adduced at trial show that the defendant and a juvenile accomplice attempted to hold up the counter clerk at a dry-cleaning establishment. When the defendant pointed the gun at the clerk and ordered her to open the register, it discharged and shs fell to the floor. She was not hit by the bullet but was extremely frightened. At this point the defendant and his companion ran out of the store. They were apprehended by police a short time later with the gun in their possession."
Finally, the court found that, despite the defendant's age, he is incorrigible and would constitute a menace to society if released at any time in the future.
A review of the facts and circumstances of similar cases involving similar defendants to indicates that the sentence imposed herein is not excessive in light of the particular circumstances of the appellant's case.
In State v. Smith, 499 So.2d 340 (La. App. 4th Cir.1986), the defendant, a first felony offender, was convicted of attempted armed robbery. The victim was shot in the leg by the defendant after a struggle over the victim's property. The defendant was nineteen years old, single, with no occupation and had ten previous arrests in four years. This Court affirmed the defendant's forty year sentence.
In State v. Johnson, 466 So.2d 741 (La. App. 4th Cir.1985), the defendant was sentenced to serve ninety-nine years at hard labor without benefit of parole for armed robbery and forty years at hard labor for attempted armed robbery, with the sentences to run concurrently. The defendant had an extensive criminal history including twenty-two arrests and at least two felony convictions. The defendant in that case held the victims by the neck with a gun pointed to their heads during th middle of the night. This Court upheld the sentence.
In the instant case, the defendant had an extensive juvenile record and had pled guilty to a felony only weeks before the present offense. The defendant pointed a weapon at the victim and the gun discharged. Given the defendant's criminal history and the facts of this case, we cannot conclude that the sentence is excessive.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Defendant was also charged by bill of information with attempted first degree murder in violation of LSA-La.R.S. 14:27 and 14:30 but was found not guilty of that charge.