ARMSTRONG, Judge.
The defendant, Donald Gibson, was charged by bill of information with unauthorized entry of an inhabited dwelling, a violation of La.R.S. 14:62.3. At trial a six member jury found the defendant guilty as charged. He was sentenced to serve six years at hard labor. The Defendant now appeals.
On September 12,1989, Ms. Floria Washington was living with her friend, Ms. Mercedes Gibson, the defendant’s aunt, at 5118 Burgundy Street. After Ms. Washington was finished speaking with friends outside, she went inside this house to use the bathroom. When she was in the bathroom, she saw the defendant standing outside the bathroom door. Ms. Washington asked him to leave the residence and he complied. Ms. Washington saw that the microwave oven was missing in the kitchen and walked to a bar at 5200 Burgundy Street where Mercedes Gibson was working.
Ms. Gibson returned home and saw that the microwave was missing from the kitchen. The defendant was sitting on the back steps and Ms. Gibson asked him to help her look for it. Ms. Gibson found the microwave in her backyard hidden under a garbage bag. When she indicated she was going to call the police, the defendant ran from the backyard. Ms. Gibson later found that two wall clocks were also missing from her house. Approximately two weeks later, she saw the defendant and called the police. The defendant was arrested at that time. Ms. Gibson testified that the defendant had lived with her until approximately two years before this incident when she had him removed from her residence and did not allow him into her house after that time.
Ms. Wanda Firstly, a friend of the defendant, testified at trial that the defendant often spends time at Ms. Gibson’s house but that the defendant’s aunt had refused to allow him to enter the house within the last two years. Ms. Firstly also testified that Ms. Gibson’s children take things from her, prompting her to call the police. She also testified that when Ms. Gibson drank excessively, she would get angry and refuse to allow the defendant to enter the house, but, on other occasions was more accommodating.
The defendant testified that he had previously lived with his aunt and that his aunt and his cousins would often allow him to stay at her house. The defendant denied breaking into the house through the back door although the police found that the back door had been kicked in. The defendant denied taking the microwave and the wall clocks. There was an extensive discussion during the defendant’s cross-examination regarding a prior incident where the victim filed charges against the defendant for breaking into her house. These charges were later dropped because of an apparent agreement between the defendant and his aunt that the defendant would not go near his aunt’s house.
A review of the record for errors patent reveals none.
By defendant’s first and second assignments of error, he contends that the trial court erred in permitting the State to cross-examine him regarding a prior criminal act of which the State did not furnish adequate notice under State v. Prieur, 277 So.2d 126 (La.1973).
*418 Defendant argues that the State was in possession of the other crimes evidence. Yet, the State failed to disclose this evidence in discovery, failed to give prior notice of its intent to use this evidence, and failed to conduct a Prieur hearing on the admissibility of the evidence. Consequently, defendant was deprived of time to prepare an adequate defense. Furthermore, had defendant known that this other crimes evidence would be introduced, he may have changed his trial strategy, including his choice to testify.
The victim in this case is the defendant’s aunt, who apparently had a running battle with the defendant and with several of her children. The defendant had been permitted to stay in the victim’s house until two years before the alleged crime occurred. The victim testified during direct examination that two years prior to the alleged crime, she evicted the defendant from her house and she had not allowed him in her house since that time. The victim also testified on direct examination that her children may have allowed the defendant to sleep at her house during the prior two years.
The defendant testified on direct examination that the victim had previously called the police on him and also on her children, but then testified that he would not have entered the house had the victim forbidden him from entering. On cross-examination the following exchange took place:
Q. Was there anybody in the house when you went in?
A. I remember seeing Floria. I couldn’t recall if she was in the house. I goes in the house often, just walks in.
Q. You ever take anything while inside there?
A. No.
Q. You ever take a shotgun?
A. My father’s.
MS. JONES:
Objection, Your Honor.
BY THE COURT:
I’ll overrule that.
BY MR. BOLLMAN:
Q. You ever take a purse?
MS. JONES:
Objection, Your Honor.
BY THE COURT:
Unless it’s alleged to have occurred at the time of this alleged offense I'm going to sustain it.
BY MR. BOLLMAN:
Q. Did you ever break into that house before?
MS. JONES:
Objection to relevance, Your Honor. BY THE COURT:
On further reflection—
BY MR. BOLLMAN:
He said he comes and goes and (sic) he pleases, Your Honor. He said that on direct. He’s broken into the house. That doesn’t sound like coming and going as he pleases.
Defense counsel never moved for a mistrial or an admonition.
The mandatory mistrial provision of La. C.Cr.P. article 770 does not apply to this case because trial counsel did not move for a mistrial or request an admonition. State v. Givens, 445 So.2d 9 (La.App. 4th Cir.1983). Defendant’s argument regarding the discovery rules of the Code of Criminal Procedure is also not a tenable argument in this case because the defendant never filed any motions in the trial court requesting that the State furnish him with discovery.
In State v. Jenkins, 573 So.2d 1214 (La.App. 4th Cir.1991), the prosecutor cross-examined the defendant about drug paraphernalia seized at the time of his arrest. This Court held that admission of this testimony was proper to impeach the defendant’s testimony during which he denied knowing about the paraphernalia and which contradicted that of the arresting officer. This Court cited La.C.E. article 607 in finding, that the trial court did not err by allowing this testimony. This Court stated, “The evidence was not used to show him as a ‘bad person’, La.C.E. article 404(B)(1), but was clearly intended to question the accuracy of his testimony which contradicted that of the arresting officer.” Jenkins, at 1219.
*419 Likewise in the present case, the prosecutor’s cross-examination of the defendant about the incident two years earlier was admissible to impeach the credibility of the defendant who had testified that the victim allowed him to enter the house without restrictions and that he would not enter the house without permission from his aunt. However, La.C.E. article 607(D)(2) allows such evidence when offered “solely to attack the credibility of a witness unless the court determines that the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of ... unfair prejudice.” We do not feel that the prosecutor’s questions caused such significant prejudice to the defendant’s case that the prejudicial effect outweighed the probative value of this evidence. We find no error with the trial court’s ruling.
The defendant argues that the trial court erred in imposing a constitutionally excessive sentence. The defendant was sentenced to serve six years at hard labor, the maximum allowable under La.R.S. 14:62.3.
Article I section 20 of the 1974 Louisiana Constitution prohibits excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Sherman, 557 So.2d 997 (La.App. 4th Cir.1990); State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). A sentence imposed within statutory limits may be unconstitutionally excessive if “it is grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984). To insure adequate review by the appellate court, the record must indicate that the trial court considered both the aggravating and mitigating factors of La. C.Cr.P. article 894.1 when determining the defendant’s particular sentence. Sherman, supra; Bell, supra.
Here, at sentencing, the trial court meticulously reviewed the defendant’s criminal history which included six adjudications as a juvenile for such crimes as attempted armed robbery with a gun, simple burglary of a vehicle and resisting arrest. As an adult, beginning in 1987, the defendant had been convicted of three misdemeanor charges; one felony charge for which he was on probation at the time of the present offense; and had an arrest for simple burglary of a residence which was not prosecuted. The trial court reviewed the defendant’s admitted drug dependence and his I.Q. which was in the “mildly deficient range”. The trial court believed that the defendant was probably responsible for removing the victim’s microwave oven from her house and hiding it in the backyard. The trial court also reviewed many of the factors in La.C.Cr.P. article 894.1. The trial court’s actions more than adequately comply with La.C.Cr.P. article 894.1.
Once adequate compliance with La. C.Cr.P. article 894.1 is found, the appellate court must then look to the facts and sentences of other cases to determine whether the sentence imposed is too severe in light of the circumstances of the defendant’s case, keeping in mind that the maximum sentences should be reserved for the most egregious violators of the offense. Cann, supra; Bell, supra.
In State v. Williams, 532 So.2d 843 (La.App. 4th Cir.1988), this Court affirmed a six year sentence imposed on the defendant convicted of unauthorized entry of an inhabited dwelling. The defendant in that case was originally charged with simple burglary of an inhabited dwelling. This court reviewed the pre-sentence investigation report which indicated an extensive arrest record and twenty-five outstanding charges against the defendant. The Court also considered that the evidence was sufficient to convict the defendant of simple burglary of an inhabited dwelling.
In State v. Lawrence, 572 So.2d 276 (La.App. 1st Cir.1990), the Court affirmed a three year sentence imposed on a defendant convicted of unauthorized entry of an inhabited dwelling and sentenced as a second offender under the Habitual Offender Law. The First Circuit relied on the extensive reasons provided by the trial court, the circumstances of the offense, and the defendant’s habitual offender status.
*420 In the present case, a review of the sentencing transcript indicates that the trial court was justified in imposing the maximum sentence. The defendant has an extensive criminal record including numerous convictions, some of which involved violence against persons. While the present crime did not involve violence, the facts of the present case indicate that the defendant was probably involved in the removal of the microwave oven from his aunt’s house, a more serious offense than the charge for which he was convicted. The trial court did not abuse its broad discretion in sentencing the defendant. This assignment is without merit.
Defendant’s conviction and sentence are affirmed.
AFFIRMED.