CIACCIO, Judge.
Defendant, Dylan Perkins was charged with simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. At his arraignment on May 9, 1989, he pled not guilty. On February 20, 1990, a twelve-member jury found him guilty of attempted simple burglary of an inhabited dwelling. Defendant was sentenced to serve six years at hard labor, the first year to be served without benefit of parole, probation, or suspension of sentence. Following a multiple bill hearing in which defendant was found to be a second offender, he was resentenced to serve six years at hard labor.
Defendant now appeals, based on two assignments of error. We find no merit in these assignments, and for the reasons stated below, affirm defendant’s conviction and sentence.

Facts

At approximately 9:00 a.m. on February 21, 1989, Ms. Rebecca Patterson left her house at 56 Yellowstone Drive in Algiers. When she left, all doors to the house were locked. When she returned approximately one and a half hours later she pulled into the garage and noticed the door to the laundry room inside the garage was open. The police were notified and arrived within a few minutes. A search of the house revealed no intruders. It was discovered that a sliding glass door in the family room had been broken and a couch which normally sat in front of the door had been pushed away from it. Various rooms of the house had been ransacked, including Ms. Patterson’s bedroom, from which it was discovered that jewelry was taken.
Stacked inside the garage were a television and a VCR, as well as a pillowcase and a garment bag containing various items taken from the house. These items were dusted for fingerprints, and prints were lifted from several of these items. The prints were later discovered to match those of Dylan Perkins, a suspect in the burglary. Ms. Patterson testified she did *906 not know Perkins and had not given him permission to be in her house.
Ziska Bailey, Perkins’ sister, testified that Perkins lived with her in Marrero at the time of the burglary. She testified that her days off of work were Sunday and Tuesday, and on those days Perkins always stayed home. She further testified that Perkins was painting her house in February 1989, and on the day of the burglary (which was a Tuesday) he would have been home with her because he was always home with her on Tuesdays.
By his first assignment of error, defendant contends that the trial court erred by granting a challenge for cause for the State. Specifically, he argues that although the prospective juror initially expressed some reluctance in serving on the jury, she was rehabilitated by defense counsel and ultimately testified she could be impartial.
During voir dire, the juror testified she knew defendant most of her life and had grown up in the same neighborhood with him. When asked if she could be fair and impartial, she stated: “It would be hard.” She further stated she did not want to serve on the jury and that she knew defendant's sisters “real well”. The State then offered a challenge for cause.
During questioning by the defense, the juror stated she had already sat on one jury that month and that she was willing to sit on another, but it would be difficult for her to sit on this one. Although she stated she had not had much contact with defendant in ten years, she refused to state she had no bond with the defendant.
La.C.Cr.P. art. 797 governs the challenge for cause and provides in part:
The State or the defendant may challenge a juror for cause on the ground that:
* * * * * *
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3)The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
[[Image here]]
In the present case, the prospective juror testified she grew up with the defendant and knew his sisters well. Although she stated she had not had contact with the defendant for ten years, she testified that it would be hard for her to be fair and impartial as a juror. Our review of the record clearly indicates that this prospective juror’s relationship with the defendant and his family could influence her verdict.
The trial court has broad discretion in its ruling on a challenge for cause, and such ruling should only be disturbed on a showing of abuse of that discretion. State v. Comeaux, 514 So.2d 84 (La.1987). Under the circumstances in this case, we are unable to find that the court abused its discretion by granting the challenge for cause. This assignment has no merit.
By his second assignment of error, defendant argues that the six year sentence imposed by the trial court is unconstitutionally excessive. Defendant argues that the sentence he received was the maximum sentence permitted by statute.
Defendant was convicted of attempted simple burglary of an inhabited dwelling for which the maximum sentence is 6 years. La.R.S. 14:62.2, 14:27. However, he subsequently pled guilty to the multiple offender charge and was resentenced to serve six years as a second offender. Under the provisions of La.R.S. 15:529.1, the maximum sentence defendant could have received was twelve years, twice the sentence actually imposed. Defendant’s argument that he received the maximum sentence is without merit.
However, a sentence may be reviewed for excessiveness even though it is *907 within statutory limits. State v. Sherman, 557 So.2d 997 (La.App. 4th Cir.1990). In order to insure adequate review by an appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in La.C.Cr.P. art. 894.1 in determining defendant’s particular sentence. Id.
At defendant’s original sentencing hearing on March 6, 1990, the trial court stated that it was imposing sentence “pursuant to Code of Criminal Procedure, Article 894.1 A and B”. At the resentencing following the multiple bill, the court vacated the original sentence and sentenced defendant to serve six years at hard labor without mentioning La.C.Cr.P. art. 894.1.
However, as held by this court in State v. James, 573 So.2d 1277, 1280 (La.App. 4th Cir.1991), “even if there is non-compliance with article 894.1, a remand is unnecessary where the sentence is not apparently severe or where the record otherwise illumines the sentencing decision.”
In the present case, defendant received only half of the maximum sentence permitted by statute. Further, the record indicates that defendant had three prior burglary convictions. Under these circumstances, we find no abuse of the trial court’s discretion in sentencing defendant.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.