BYRNES, Judge.
Defendants, Quellermo Perez, Victoria Arevado and Isnelio Alvarez were convicted of possession of more than 28 grams but less than 200 grams of cocaine, a violation of R.S. 40:967. Perez and Alvarez were sentenced to fifteen years at hard labor without benefit of probation, parole or suspension of sentence. Arevado was sentenced to ten years at hard labor without benefit of probation, parole or suspension of sentence. The trial court subsequently amended these sentences and fined each defendant $50,000 or, in default of payment, one additional year at hard labor.
On appeal, defendants assert that the trial court erred in their sentencing. We agree in part and amend the sentences.
FACTS
On June 23, 1986, New Orleans Police officers received information from a confidential informant that cocaine was being sold from a house located in the 6400 block of Roder Street. Later that day, officers *201 watched as the informant made a cocaine purchase from a house located at 6418 Ro-der Street. The next day police obtained and executed a search warrant for this address. Upon entering the house, the officers found defendants Arevado and Alvarez along with several small children. Alvarez attempted to escape through the back door, but was apprehended. As a result of the search, police seized plastic bags containing varying amounts of cocaine from the living room and the freezer compartment of a refrigerator in the kitchen. Three handguns, a triple beam scale and $2,196.00 in U.S. currency were also seized.
While the police were conducting their search, a car driven by Perez approached the house and then sped away. Perez was known to the officers as one of the individuals they had previously seen at the 6418 Roder Street address. The officers had observed Perez letting several persons into the house at different times, none of whom remained for more than a few minutes before leaving. The police gave chase and subsequently detained Perez.
ASSIGNMENT OF ERROR
By their first assignment of error, the defendants allege that the trial court erred by imposing excessive sentences. We disagree. Perez and Alvarez received sentences of fifteen years at hard labor and Arevado received a sentence of ten years at hard labor. All three sentences were imposed without benefit of probation, parole or suspension of sentence. Each defendant was also fined $50,000.00. The applicable penalty provision, R.S. 40:967(F)(1), provides a range of sentences from five years to thirty years at hard labor and a range of fines from $50,000.00 to $150,000.00.
The Louisiana constitution prohibits the imposition of excessive punishment. La. Const. Art. 1 Sec. 20. The imposition of a sentence, although authorized by statute, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering”. State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). The record should reflect that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. Art. 894.1 in determining a defendant’s sentence. State v. Davis, 449 So.2d 452 (1984).
In the present case, the record shows that the trial court fully complied with the sentencing guidelines provided by C.Cr.P. Art. 894.1. It was noted that while the three defendants were free on bond they were again found in possession of a significant amount of cocaine and were arrested and charged with a new violation of R.S. 40:967. The court also considered the quantity of cocaine involved, the amount of cash seized, and the fact that three weapons were found in the household. The trial judge also expressed concern that the defendants would allow five small children to remain in a house where cocaine was literally within their reach. Finally, the court found that “there are absolutely no mitigating circumstances that would benefit any of the defendants in this case”.
In light of the above factors, articulated by the trial court during sentencing, we find that there was adequate compliance with C.Cr.P. Art. 894.1. The defendants received sentences well below the statutory maximum. Given the facts of this case, we do not consider these sentences to be grossly out of proportion to the severity of the crime.
This assignment of error is without merit.
By their second assignment of error, defendants contend that the trial court erred in sentencing them to an additional year in jail in default of payment of the $50,000.00 fine. We agree. In State v. LeCompte, 406 So.2d 1300 (La.1981), the Supreme Court held that the portion of R.S. 40:967(F) which provided a minimum fine but no maximum fine was unconstitutional and severed this penalty from the remainder of the statute. Subsequently the legislature amended R.S. 40:967(F) to provide a *202 maximum fine, thereby curing its constitutional defect. Act 627 of 1986. This amendment did not become effective until August 30, 1986. The defendants committed the present offense on June 24, 1986. Thus, at the time of the offense, the trial court was without authority to levy a fine against the defendants under the then-effective version of R.S. 40:967(F). Accordingly, the defendants’ sentences are amended to delete the $50,000.00 fine.
Finally, we note that the trial court erred by denying the defendants eligibility for parole for the entire duration of their sentences. Under R.S. 40:967(G)(1) the court must withhold this benefit for a period equal to the minimum sentence under sec. (E) & (F). (i.e., the first five years). Thereafter, the decision as to a defendants eligibility for parole is up to the parole board, not the judge. R.S. 15:574.2 C(l) et. seq. Defendants’ sentences are therefore further amended to delete the portion denying them eligibility for parole after they have served the minimum sentence required by R.S. 40:967(F)(1).
For the foregoing reasons, the defendants’ convictions are affirmed. Their sentences are amended to delete the imposition of a fine and the provision denying their elgibility for parole after they have served the minimum sentence required by law.
AMENDED AND AFFIRMED.