GARRISON, Judge.
The defendant-appellant in the case at hand, Grady Johnson, was charged by a bill of information with possession of heroin. Mr. Johnson initially entered a plea of not guilty. After the trial proceeded, and after the state and defendant rested, the defendant withdrew his not guilty plea and pled guilty as charged, specifically reserving his right to challenge a motion to suppress and motions for mistrial. These motions were denied at trial instituted prior to the defendant’s withdrawal of his initial plea of not guilty under State v. Crosby, 338 So.2d 584 (La.1976). Mr. Johnson was sentenced to four years in the Department of Corrections without benefit of parole, probation or the suspension of sentence. Defendant now appeals alleging that the trial court erred in denying a mistrial for the information elicited by the prosecutor regarding statements made by a confidential informant, and when the prosecutor discussed a prior conviction. Appellant’s third assignment of error is the alleged adjudication of Mr. Johnson as a “third offender” without informing the defendant of his right to remain silent.
In late December of 1984, New Orleans Police Sergeant Anthony Cannatella and several other officers began surveillance of the intersection of Tulane Avenue and South Lopez Street in New Orleans, Louisiana after receiving a telephone call from a confidential informant. While conducting this surveillance, the officers observed the defendant conducting what appeared to be drug transactions. Sergeant Cannatella radioed for assistance. Officers Daughtry, Horil, Wong, and others answered his call. A matchbox containing heroin and $539.00 were found on Mr. Johnson’s person.
At trial, the defendant denied possessing the heroin or selling drugs. He claims that the officer planted the heroin on him after an initial search revealed "no drugs.
The defendant’s first and second assignments of error are that the trial court erred in denying a mistrial when the prosecutor elicited information regarding statements made by a confidential informant and that the prosecutor improperly discussed a prior conviction, using its details to prove the instant offense.
The case of State v. Crosby, 338 So.2d 584 (La.1976) addresses the issue of appellate power to review procedural and evidentiary assignments of error at the trial level when the defendant has pled guilty specifically reserving his right to challenge these rulings. Crosby states as follows:
Normally, the trial court will not accept a plea of guilty conditioned upon review of procedural irregularity occuring after the trial has commenced or evidentiary rulings therein which do not go to the heart of the prosecution’s case. Of this nature also, are pre-trial rulings which affect the conduct of the trial but which do not substantially relate to guilt, such as the denial of a continuance or of a severance.
Since a plea of guilty by its nature admits factual guilt and relieves the state of the necessity to prove it by a contested trial, assignments based upon incidents relating to procedural conduct of the merit-trial will be reviewed (if permitted to be reserved, as in the present case) upon the assumption that they represent harmless error, La.C.Cr.P. art. 921, unless the record clearly demonstrates otherwise. Once the trial has started, a defendant who complains only of errors of this nature should normally be required to continue with the trial until verdict; he should not be able to obtain a reversal, despite his admitted guilt, because an incidental ruling may be erroneous but might not in the light of a full trial record constitute a cause for reversal. Supra at p. 591.
*207 Thus, there is a presumption that trial irregularities and evidentiary rulings are “harmless error ... unless the record clearly demonstrates otherwise”. Crosby, supra.
The defense claims that the trial court erred in failing to grant a mistrial where the prosecutor “deliberately elicited information about what a confidential informant had told the police”. In fact, however, the prosecutor had merely asked Sergeant Cannatella to “explain to the jury the facts which led to the arrest of Grady Johnson”. The officer’s answer, containing the informant’s statement, was met with an admonishment for the jury to disregard the comment. While admission of this information was error, see State v. Banks, 439 So.2d 407 (La.1983), it does not require a reversal of the defendant’s conviction. Unlike Banks, supra, where the confidential informant’s statement was the sole piece of evidence linking the defendant to the crime, several officers observed Mr. Johnson carrying out what appeared to be drug related transactions. Thus, we find that the appellant’s allegation of error is without merit as it is not evident that this error was anything but “harmless”.
Defendant’s second assignment of error asserts that the trial court erred in denying a mistrial where the prosecutor “deliberately used details of a prior conviction not for impeachment purposes, but to attempt to prove the instant offense”.
A review of this alleged breach reveals that the prosecutor was attempting to impeach the witness’ credibility as per C.E. art. 609.1(A).
The evidence of a conviction of a crime is admissible for the purpose of impeaching the credibility of a witness. C.E. art. 609.-1(A). State v. Jackson, 307 So.2d 604 (La.1975), allows for examination of a witness on the details of a prior conviction in order to establish the true nature of that offense. In the ease at hand the district attorney, attempted to impeach the defendant by introducing evidence of a prior drug related conviction.
The trial court has great discretion in determining the extent of the district attorney’s examination and this court should not disturb its decision absent a showing of abuse. State v. Tatum, 506 So.2d 584 (La. App. 4th Cir.1987). We find that no such abuse has been shown.
Defendant’s third assignment of error alleges that the trial court erred in adjudicating the defendant a third offender without informing him of his right to remain silent at the multiple bill hearing. This allegation is completely lacking in merit as the defendant was not adjudicated a multiple offender.
For the aforementioned reasons, we affirm the trial court’s judgment and sentence.
AFFIRMED.