575 So.2d 400 (1991)
STATE of Louisiana
v.
Lawrence OLIDGE.
No. 89-KA-0692.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1991.
*401 Harry F. Connick, Dist. Atty., Charmagne Ann Padua, Asst. Dist. Atty., New Orleans, for plaintiff, appellee.
M. Craig Colwart, O.I.D.P., New Orleans, for defendant, appellant.
Before SCHOTT, C.J., and LOBRANO and BECKER, JJ.
SCHOTT, Chief Judge.
Defendant was convicted of possessing at least 28 but less than 200 grams of cocaine in violation of LSA-R.S. 40:967(F)(1)(a) and sentenced to thirty years.
At about 6:30 p.m. on February 28, 1987 Trooper Stanford was driving his patrol car on Interstate 10 in New Orleans when he saw an automobile speeding and swerving erratically. He thought the driver might be intoxicated. He pulled the vehicle onto the shoulder approaching the Carrollton Avenue exit and ordered the driver, Tyrone Williams, to produce his driver's license and vehicle registration. When Williams produced an expired traffic ticket for a license, Stanford checked by radio on the status of Williams' license and learned that it was invalid. Stanford arrested and handcuffed him and asked him how he proposed to move his vehicle from the highway. When Williams stated that his passenger, the defendant, would move it for him, Stanford asked defendant, who was in the front passenger seat, for his driver's license. At this point, defendant leaned over and one Clarence Boutin, whom Stanford had not seen previously, rose up from the back seat with a handgun pointed at Stanford. Stanford placed Williams between himself and the vehicle, drew his own gun, and ordered the occupants out of the vehicle. They complied and Stanford managed to keep the three subjects under control while he called for police assistance.
Three other troopers, Chapman, Bascle and Bodet arrived and secured the three. Stanford covered them and then looked into the vehicle where he saw a large bag of cocaine on the front passenger side floor where defendant had been sitting, a pistol, two holsters, and a box of ammunition on the driver's floor board, and two bags of cocaine in the area of the back seat. The other troopers found $1803 on the three subjects in wads of bills with white chunks of substance stuck to it. The officers later scraped and collected this white material, and it, like the substance in the bags, proved to be cocaine.
A review of the record for errors patent reveals none. Defendant was sentenced immediately after his motion for new trial was denied but the minute entry shows he waived the delay.
By his first assignment of error defendant contends the trial court erred by depriving him of the opportunity to impeach Trooper Bascle with the transcript of his testimony given at defendant's previous trial which had resulted in a mistrial. The first trial was held in April, 1988. On June 16, 1988, the trial court, on defendant's motion, ordered that the transcript of the testimony of all the state witnesses be prepared. On August 22 the trial court ordered that the transcript of the testimony of the police officers at the motions hearing be furnished to defendant. When the case went to trial on November 3, 1988, defense counsel said nothing about the transcript. Not until Trooper Bascle was under cross examination did defendant call for the transcript, because now Bascle was saying that he personally searched and handled the defendant whereas at the previous trial he had said he handled Boutin only and not the defendant. Defendant stated that the court reporter had failed to transcribe Bascle's testimony and he asked for a recess in order to obtain the transcript. The trial court denied this request and after the trial denied defendant's motion for new trial based on the same ground.
The granting of a recess is within the sound discretion of the trial judge and will not be reversed absent showing of abuse of discretion. State v. Jackson, 450 So.2d 621 (La. 1984). The issue here is whether defendant has shown such an abuse. The trial court had granted defendant's motion for the transcript four *402 months before the second trial. With the least amount of diligence defendant could have maintained contact with the court reporter and taken steps to insure his compliance with the court's order. In counsel's statement requesting the recess she stated that she had discussions with the reporter who stated that his workload prevented him from completing the transcript. Thus, defendant knew before the trial began that Bascle's previous testimony was not available and yet she made no effort to continue the trial, but waited until the second day of this jury trial to ask for a recess.
Under these circumstances defendant waived his right to the transcript and the trial court's denial of the recess did not constitute an abuse of discretion. This assignment has no merit.
Defendant's argument of reversible error because of the trial court's denial of his motion for a new trial is likewise without merit. For entitlement to a new trial under C.Cr.P. art. 851(3) and (4) a showing of the exercise of reasonable diligence on the part of the defendant is essential. No such showing was made. The only ground for a new trial available to defendant was art. 851(5) which authorizes the trial court to grant a new trial in order to satisfy the demands of justice. If the trial court had delayed the sentencing while the transcript was being prepared the judge could have seen the inconsistencies in Bascle's testimony at each trial and could have fairly and effectively evaluated the merits of defendant's motion. However, when the defendant's motion for a new trial is based upon C.Cr.P. art. 851(5), denial of the motion is not subject to appellate review. State v. Spears, 504 So.2d 974 (La.App. 1st Cir.1987), writ denied 507 So.2d 225; State v. Savoie, 448 So.2d 129 (La.App. 1st Cir.1984), writ denied 449 So.2d 1345.
By his next assignment defendant contends the evidence was insufficient to show that he possessed at least 28 grams of cocaine. One bag was found on the floor where defendant was sitting, so that a reasonable trier of fact could easily conclude beyond a reasonable doubt that defendant had actual possession of this bag. But it contained less than 28 grams so that the sufficiency of the evidence required proof that he also possessed the other bags which Trooper Sanford testified were in the area of the back seat.
Proof of constructive possession is sufficient to convict even though the defendant did not have actual possession. A mere showing that defendant was a passenger in the automobile where the drugs were found is not sufficient standing alone to establish constructive possession. There must be knowledge of and control over the contraband. State v. Bell, 566 So.2d 959 (La. 1990). The issue becomes whether the evidence when viewed in the light most favorable to the prosecution is sufficient for the jury as a rational trier of fact to conclude that defendant beyond a reasonable doubt had constructive possession of the other bags and whether the evidence excluded every reasonable hypothesis of defendant's innocence.
The evidence shows that the driver suggested to Stanford that defendant drive his car from the scene. When asked for his license by Stanford defendant leaned down and enabled Boutin in the back seat to rise and point his gun at Stanford. When the men were searched wads of money with cocaine attached were taken from all three. Weapons were found in front and back. All of this clearly shows that these three were working together in a common venture. The only other theories which could conceivably insulate defendant from constructive possession of the cocaine behind him are 1) that he was strictly an outsider, such as a hitch-hiker, who had nothing to do with any of this, hardly a reasonable hypothesis of innocence considering that he was sitting on top of a big bag of cocaine and had wads of money with cocaine in his pockets; or 2) that he and the back seat passenger, Boutin, were each carrying on an independent cocaine business from the same automobile, likewise an unreasonable hypothesis of defendant's innocence.
Defendant's final assignment is that his thirty year sentence is excessive. This *403 was the maximum sentence allowed. Although the trial judge did not articulate the sentencing guidelines of C.Cr.P. art. 894.1 she did review defendant's criminal background as a basis for the sentence. This included conviction for armed robbery in April, 1979 cocaine possession in January, 1988 and numerous arrests. Considering this record and the lack of anything suggesting mitigation we are unable to conclude that the sentence was abusive of the trial court's sentencing discretion.
Accordingly the conviction and sentence are affirmed.
AFFIRMED.