JONES, Judge.
STATEMENT OF THE CASE:
On July 19, 1983, the appellants Stanley Jones and Roberto Morales, along with Manual Martinez-Sanchez, Yolanda Red-dick, Winfredo Cabello, and Reinaldi Castillo, were charged with possession of more than 200 grams of cocaine. On May 22, 1985, a twelve-member jury found Jones, Morales, and Martinez-Sanchez guilty as charged (Reddick and Castillo eventually pled guilty, Cabello is at large). On July 11, 1985, Jones and Martinez-Sanchez were sentenced to serve thirty years at hard labor and were fined $100,000.00 each. On October 15, 1985, Morales was also sentenced to serve thirty years at hard labor and was fined $100,000. These three defendants appealed to this court. On September 14, 1989, this court found that the trial court had improperly referred to the defendants’ prior conviction during voir dire. For this reason, the convictions and sentences were reversed and the case was remanded for a new trial. State v. Martinez-Sanchez, 550 So.2d 232 (La.App. 4th Cir.1989). However, the Louisiana Supreme Court reversed and remanded the case for consideration of the remaining assignments of error. State v. Martinez-Sanchez, 554 So.2d 1236 (La.1990).
On remand, State v. Martinez-Sanchez, 563 So.2d 509 (La.App. 4th Cir.1990), this court found that the trial court erred by instructing the jury that the amount of cocaine is determined not only by the amount of pure cocaine, but by the adulterants as well. This court vacated the defendants’ convictions and sentences, entered judgments of possession of at least twenty-eight but not more than 200 grams of cocaine, and remanded the case for resentenc-ing. On August 20, 1990, Martinez-San *916 chez and Morales were each resentenced to serve twenty years at hard labor, but no fine was imposed on either defendant. Morales’ motion for appeal, filed pro se on August 24th, was granted on August 29th, and counsel was appointed to represent him. There is no indication in the record that Martinez-Sanchez appealed from his sentence. On September 17, 1990, Jones was also resentenced to serve twenty years at hard labor, with no fine imposed. Morales and Jones timely appealed to this court.
FACTS:
The following facts are taken from this court’s opinion in the appellants’ last appeal:
On May 20, 1983, officers of the St. Bernard Parish Sheriff’s Department met with a “concerned citizen” who informed them about unusual traffic to and from the house at 3700 Chalona Drive in St. Bernard Parish. The “concerned citizen” stated that he had observed the unusual traffic for two weeks and that on May 18 he had seen small, wrapped packages taken out of the residence and placed into a red car with the license plate number 383X541.
The officers then began surveillance of 3700 Chalona and observed a large amount of unusual traffic entering and leaving the residence. At least two of the persons seen entering the residence had previous arrest records for possession and distribution of controlled dangerous substances. On May 25, 1983, the officers obtained a search warrant based upon the information given by the “concerned citizen” and on the subsequent surveillance. The warrant was executed that night.
The officers executing the warrant went to a side door that opened into the kitchen. One of the officers knocked before entering, and [codefendant] Castillo pulled back the curtain which covered a window in the door. When the officers identified themselves, Castillo yelled something in Spanish, and the occupants of the kitchen scattered. The officers forced their way in and arrested everyone in the house [including the appellants]. The officers seized two guns, cocaine, a gram scale, over $9,000.00 cash, a passport for Martinez-Sanchez and many photographs.
Martinez-Sanchez, 563 So.2d at 510.
DISCUSSION AND LAW

A. Errors Patent

A review of the record reveals there are no errors patent, except that this appeal is not as to Martinez-Sanchez, contrary to the brief filed on behalf of him and Morales.

B. Assignments of Error by Morales

I., II., & III.
In the three assignments of error filed by Morales, he attacks his sentence. By these assignments, Morales argues that the trial court imposed an excessive sentence, by failing to comply with the sentencing guidelines of C.Cr.P. art. 894.1, and by not considering the sentences imposed on other codefendants in this case who pled guilty rather than go to trial. Appellant was sentenced to serve twenty years at hard labor. The maximum sentence he could have received was thirty years at hard labor. R.S. 40:967 F(l).
Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Sherman, 557 So.2d 997 (La.App. 4th Cir.1990); State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also Sherman, supra; Bell, supra. In order to insure adequate review by the appellate court, there must be an indication in the record *917 that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant’s particular sentence. Sherman, supra, Bell, supra.
At Morales’ resentencing hearing, his attorney argued that a codefendant, Yolanda Reddick, received a ten-year sentence, and thus his clients (he also represented Martinez-Sanchez, who has not filed a motion for appeal) should also receive the same sentence, as they were all convicted of their constructive possession of the cocaine. The judge then noted that he was present at trial and was aware of the participation by all the defendants. He noted that Reddick played a smaller part than that of either Martinez-Sanchez or Morales and that there were “other considerations in sentencing the other defendant who was not there for trial; and who is serving time in another penitentiary, Federal Penitentiary; and who saved the State the cost of the trial.” The judge then sentenced Morales and Martinez-Sanchez to serve twenty years at hard labor, noting the aggravating factors which are set forth in art. 894.1. The judge did not state any mitigating factors.
Likewise, at the original sentencing, the judge found that Morales was ineligible for probation or a suspended sentence, and that even if he were, there was an undue risk he would commit another crime while on probation. The judge stated that Morales was in need of correctional treatment in a penitentiary, and that any lesser sentence would deprecate the seriousness of his crime. Even at the original sentencing hearing, the trial court only stated the aggravating factors of art. 894.1. However, it had the benefit of a presentence investigation report which was prepared prior to Morales’ sentencing. According to that report, Morales had been in this country for five years. During that time, he had arrests for possession of stolen property, aggravated assault, discharging a weapon, and convictions for possession with the intent to distribute marijuana (two separate convictions), distribution of marijuana, the illegal carrying of weapons, possession with the intent to distribute cocaine, simple possession of cocaine, simple possession of marijuana, and being a convicted felon in possession of a firearm. The report also listed what was known of Morales’ background, including information from a post-sentence report on an earlier case which indicated Morales and his brothers were heavily involved in transporting drugs from Miami to New Orleans. Given the trial court’s awareness of the pre-sentence report, it appears the record shows it was aware of the mitigating and aggravating factors set forth in art. 894.1.
By his third assignment of error, Morales’ counsel contends that the trial court erred by imposing the twenty-year sentence without regard to the sentences imposed on two codefendants, Reddick and Castillo, which were less. He argues that because Reddick, who pled guilty as charged, and Castillo, who pled guilty to possession with the intent to distribute cocaine, received ten and twelve years sentences, his clients should not have been given twenty years.
In State v. Desdunes, 576 So.2d 520 (La.App. 4th Cir.1990),[1] this court recognized the principle that codefendants need not be sentenced equally, even if their backgrounds are similar, but any disparity of sentence between codefendants similarly situated is a factor to be considered in assessing a claim of excessive sentence. See also State v. Smith, 433 So.2d 688 (La.1983). Here, during the resentencing of Morales, the trial court noted that in its opinion, the evidence showed that Morales and Martinez-Sanchez “enticed” Ms. Red-dick into committing the crime. In addition, both Ms. Reddick and Castillo received their sentences pursuant to a plea bargain agreement wherein they admitted their guilt. Given these factors, it appears there were valid reasons for the lesser sentences of Ms. Reddick and Castillo.
*918 With respect to Jones, at the resentenc-ing hearing his attorney (who was not his attorney for trial and his original sentencing) indicated that Jones had not been implicated in any of the surveillance by the police, and that all that was proven was that he was present in the house when the police raid occurred. He likened his role more to that of his codefendant Reddick, who received a ten-year sentence. In response, the court noted that it would make no distinctions and imposed a twenty-year sentence, noting the aggravating factors which are set forth in art. 894.1. The court did not state any mitigating factors.
At Jones’ original sentencing (on July 11, 1985), the court had the benefit of having a presentence investigation report prior to sentencing. The court noted Jones’ extensive prior arrests and convictions: arrests for aggravated battery, possession and distribution of narcotics, possession of stolen property, possession of a sawed-off shotgun, manslaughter, theft, being a convicted felon in possession of a firearm, simple battery, purse snatching, and carrying a concealed weapon, as well as a conviction for simple robbery. The presentence investigation report contains not only a listing of Jones’ prior arrests and his convictions, but also a summary of his life. Thus, it appears the trial court was made aware of all factors in Jones’ case, both aggravating and mitigating.
Having found adequate compliance with art. 894.1, we now look to the facts and sentences of other cases to determine whether the sentence imposed is too severe in light of the particular circumstances of the appellant’s case, keeping in mind that the maximum sentences should be reserved for the most egregious violators of the offense so charged. Cann, supra; Brogdon, supra; Bell, supra.
In State v. Olidge, 575 So.2d 400 (La.App. 4th Cir.1991), the defendant and his companions were detained pursuant to a traffic stop, and a bag of cocaine was found on the floorboard where the defendant had been sitting. This court upheld the defendant’s thirty-year sentence La. R.S. 40:967 F(l) in light of his prior criminal record. In State v. Martinez, 560 So.2d 608 (La.App. 4th Cir.1990), the defendant was convicted of attempt possession of at least twenty-eight but less than 200 grams of cocaine and was sentenced as a multiple offender to serve twenty-eight years. This court found the sentence was not excessive in light of what the court called his total disregard for the leniency he had received with respect to his prior conviction for possession with the intent to distribute over 100 pounds of marijuana, for which he had received probation. In State v. Perez, 516 So.2d 199 (La.App. 4th Cir.1987), the defendants were convicted of violating La.R.S. 40:967 F(l) and received sentences of fifteen and ten years. This court affirmed their sentences, finding that there was full compliance with La.C.Cr.P. art. 894.1, that there were no mitigating circumstances in the case which would “benefit any of the defendants”, and that the sentences were well below the statutory maximum. And in State v. Gonzales, 515 So.2d 819 (La.App. 5th Cir.1987), the court upheld the defendant’s seven-year sentence to a plea of guilty to R.S. 40:967 F(l), finding the sentence was in the lower range of sentences the defendant could have received.
In State v. Ballom, 562 So.2d 1073 (La.App. 4th Cir.1990), writ den. 575 So.2d 386 (1991), the defendant was convicted of possession of 200 to 400 grams of cocaine and received a thirty-year sentence. This court vacated the defendant’s sentence, finding noncompliance with art. 894.1 and finding that the sentence was too severe in light of the defendant’s lack of criminal record. In State v. Camps, 476 So.2d 864 (La.App. 2nd Cir.1985), writ den. 481 So.2d 616 (1986), cert. den. Camps v. Louisiana, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 658 (1986), the court upheld the defendant’s ten-year sentence for a plea of guilty to possession of 200 to 400 grams of cocaine. The court also upheld his codefendant’s sentence of thirty years for his conviction for possessing over 400 grams of cocaine. State v. Green, 476 So.2d 859 (La.App. 2nd Cir.1985), writ den. 481 So.2d 627 (1986).
*919 Here, the PSI report on Morales showed he had an extensive criminal background covering the five years prior to his arrest in this case, the time period he had been in this country, including convictions for drug offenses. In addition, there were indications that Morales and his brothers were involved in transporting drugs from Miami to New Orleans. Given these factors, the trial court did not abuse its discretion by sentencing Morales to serve twenty years.
Jones’ PSI report indicated that he had many prior arrests, some for drug offenses, but only one prior conviction, that for simple robbery (the other arrests were either refused or the charges were nolle prosequied). In the report (and in his pro se brief filed in this case), Jones contended that he was not involved in the sale of the drugs from the house and was only there when the search warrant was executed because he had given Morales a ride to the house and had stopped to drink a beer. Apparently, the police had no information which tied Jones to the drugs in the house except his presence when the warrant was executed. Given these facts, it appears the trial court abused its discretion by imposing the twenty-year sentence.
Given the above, we find no merit to Morales’ assignments one, two, and three. However, given the circumstances of the case, trial court imposed an excessive sentence as to Jones.

C. Other Assignments by Jones’ Counsel

By reference to the brief filed on behalf of his client in the original appeal, Jones’ counsel raises three additional assignments of error: (1) the trial court erred by denying the motion to suppress; (2) the trial court erred in its instruction to the jury on constructive possession; and (3) the trial court erred in instructing the jury that in determining the weight of the cocaine, it was to consider both the cocaine and the adulterants. These assignments were addressed in the appellants’ last appeal, with this court finding merit as to only the third assignment. Thus, there is nothing left for this court to consider with respect to these assignments of error.

D. Assignments by Jones, Pro se

By his pro se brief, Jones contends the trial court erred by not granting a motion for directed verdict. Alternatively, he argues there was insufficient evidence to support his conviction. He argues that he was a visitor who just happened to be present at the house when the warrant was executed. Appellant cannot raise this issue in this appeal since he did not raise this ■issue in his original appeal. This appeal is from his resentencing only. As such, he is estopped from raising this issue in this appeal. See the unpublished opinion in State v. Steward, 561 So.2d 216 (La.App. 4th Cir.1990). In addition, because this appeal is from resentencing only, the trial transcript is not contained in the appeal record. For this reason, we decline to address this assignment.
Accordingly, Morales’ sentence is affirmed and Jones’ sentence is vacated and the case remanded for resentencing.
AFFIRMED IN PART; VACATED AND REMANDED IN PART.

. Writs were granted in State ex rel. Desdunes v. Court of Appeal, 577 So.2d 1011 (1990), for the sole purpose of transferring the defendant's writ filed in that court to this court for consideration with respect to the defendant’s motion for rehearing, which was ultimately denied.