WARD, Judge.
The State charged Raymond McLaren with the crime of illegal possession of more than 400 grams of cocaine. McLaren filed pre-trial motions seeking to suppress evidence seized from his person and also from his home. Additionally, McLaren seeks to suppress statements he made to police after his arrest. The trial court denied the motions. After trial by jury McLaren was found guilty of possession of more than 200 grams but less than 400 grams of cocaine.
McLaren argues that the trial court erred by overruling his pre-trial motions. He also contends that several trial errors warrant reversal of his conviction.
As to the pre-trial motions, we conclude that the police had probable cause to arrest McLaren, that the search incidental to his arrest was permissible, and that the statement McLaren made to the police was admissible as evidence. Additionally, the affidavit attached to the application for a search warrant for McLaren’s apartment showed probable cause for issuance of the warrant. Therefore, the trial court did not err in its ruling denying McLaren’s pretrial motion to suppress. We find probable cause in each instance based on the following facts obtained primarily from the testimony given by Officers Edward Messina and James Stewart in the hearing on the motion to suppress but also from the affidavits of the search warrant which was admitted into evidence.
On Thursday, February 22, 1990, a reliable confidential informant told Messina that within the last three days he had met Raymond McLaren and noted that he had a large amount of powdered cocaine at his apartment. The informant told Messina that McLaren was selling crack cocaine out of his apartment in New Orleans East, apartment A-206, Park Brittany Place. He said that McLaren operates by using a digital telephone pager, answering the page by using a public pay telephone in the area. He said that McLaren uses a green Ford Tempo to make deliveries, usually in New Orleans East. He described McLaren so that Messina recognized him immediately when he first began an observation of the Park Brittany apartment. Additionally, the informant gave details of a sale McLaren was to make the next day, Friday. He said McLaren was expected to make a sale between 11:30 A.M. and 12:30 P.M., that McLaren would be driving his green Ford Tempo, and that the sale would be in New Orleans East at a place described by the informant. On Friday morning, the confidential informant called back about 10:00 A.M. and confirmed that a sale would go down that day, at 11:30 A.M.
Officers Messina and Stewart conducted a stakeout with other NOPD officers and U.S. DEA officers. They observed McLaren, who matched the informant’s description exactly, leave Park Brittany apartment A-206 and get in a green Ford Tempo. Messina did not follow the Tempo, but Stewart did; and Messina maintained radio contact with Stewart.
Stewart followed McLaren to a pay telephone, watched him use the telephone, and then followed him back to the Park Brittany apartments. When McLaren left the apartment for a second time at 11:30 A.M., driving his green Ford Tempo, Stewart followed him for about one mile before he arrested him. McLaren was searched and four small packages of cocaine were found on him.
Although there is some question as to whether this was an arrest or an investí- *666 gatory stop and then a frisk, Office Stewart testified that he arrested McLaren based on the information given by the confidential informant and the information obtained through the police surveillance. Motion to Suppress Transcript p. 29. In State v. Simms, 571 So.2d 145 (La.1990) the Supreme Court said “An arrest occurs when the circumstances indicate an intent by the police to effect an extended restraint on the liberty of the accused, rather than at the precise time the officer tells the accused is under arrest, La.C.C.Pr. article 201; State v. Rebstock, 418 So.2d 1306 (La.1982).” In this case, we need not speculate about the officer’s intent: Stewart testified that he arrested McLaren. Therefore, we conclude that the only question is whether there was probable cause to make the arrest.
Just as the Supreme Court of Louisiana in Simms, supra., found probable cause under the facts of that case, we find probable cause here. The totality of the information known to the police at the time of the arrest was sufficient to justify a man of ordinary caution into believing that McLaren was committing the crime of illegally possessing cocaine. Since we conclude there was probable cause for the arrest of McLaren, the police had the right to search McLaren incidental to that arrest. Consequently, the trial court did not err in denying McLaren’s motion to suppress the evidence that was found on McLaren after the arrest.
As to the statement McLaren made to the police, McLaren does not contend that his statement was not freely given, nor that he was coerced, nor that he was not informed of constitutional rights before he made it. He only contends that it was the fruit of an illegal arrest. As in Simms, supra., we find McLaren’s statement was freely and voluntarily given and, because we find probable cause for his arrest, we also find it was not the product of an illegal arrest.
In his statement, McLaren said he was worried about the safety of a woman and her two children who were visitors in the apartment. He also said that if he did not return after a period of time, the cocaine which was in the apartment would be destroyed. Officers agreed to permit McLaren to return to the apartment, and he signed a consent to search form. Even though he consented to a search of his apartment, the police used the precaution of obtaining a warrant.
Officer Stewart proceeded to the Criminal District Court to obtain a search warrant from Judge Dennis Waldron. The other officers and McLaren went to McLaren’s apartment, arriving at approximately 1:20 p.m. Before entering, McLaren handed over the key to the door. After they entered, while they waited for a warrant to be issued, the police secured the area to prevent destruction of the cocaine.
The police sat in the apartment until Officer Stewart notified them that a search warrant had been signed, about 2:15 p.m. They then proceeded to search the apartment with the aid of a police dog and found a secret compartment underneath a bathroom vanity. Hidden inside the vanity were thirty-two quarter ounce packets of cocaine, a large brick of cocaine with a net weight of 782.5 grams, a digital scale, and $6,900 in cash. During trial, the evidence seized from McLaren and from his apartment was admitted as evidence.
We hold that the trial court correctly denied McLaren’s pre-trial motions because the above facts show probable cause and correct police conduct.
McLaren also argues that trial error requires reversal of his conviction. He contends that the trial court should have declared a mistrial on two different occasions. First, when the trial judge improperly commented on the evidence twice, and next when a State witness gave an opinion on the ultimate issue of guilt. He also complains of error in the admission of hearsay evidence.
During the cross-examination of Paul Wetz, a criminalist who analyzed the cocaine, the State objected to a question about what other substances were mixed with the cocaine. The following comments were made by the trial court in an exchange of remarks with McLaren’s counsel:
*667 He gave you the purity, he gave you the — the percentage, do a little arithmetic.
You want him to do it for you, go ahead
[[Image here]]
According to C.Cr.P. art. 772:
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence repeating the testimony of any witness, or giving an opinion as to what had been proved, not proved, or refuted.
However, Article 772 does not prohibit a judge from clarifying testimony whenever necessary or desirable. State v. Robertson, 445 So.2d 12 (La.App. 4th Cir. 1983), writ denied, 449 So.2d 1344 (La.1984), and the comments complained of by defendant do not appear to be improper.
In his second argument for a mistrial, McLaren contends that the trial court should have ordered a mistrial when the State’s expert gave an opinion as to his guilt. However, McLaren’s counsel did not object nor move for a mistrial. Accordingly, any alleged error is waived because defendant failed to move for a mistrial. State v. Michel, 422 So.2d 1115 (La.1982); State v. Grant, 531 So.2d 1121 (La.App. 4th Cir.1988), writ denied 567 So.2d 1117 (La.1990).
McLaren also complains that the trial court erred in overruling his objections to hearsay statements elicited by the State from its witnesses who testified about the information received from a confidential informant. Defendant argues that the admission of the hearsay violated his Sixth Amendment right to confront his accusers and that the error in admitting it cannot be considered harmless.
Over defendant’s objection, Detective Messina was allowed to testify as to what the confidential informant said pertaining to McLaren, wherein he would be delivering cocaine in the New Orleans area using a green Tempo automobile. This was hearsay. Although the trial court erred in allowing Messina to testify as to the informant’s tip, the error is harmless beyond a reasonable doubt. The informant’s statement to Messina pales into insignificance when it' is remembered that the large amount of cocaine seized from McLaren’s apartment was properly admitted as evidence. Sincé the trial judge did not err by permitting the jury to consider the brick of cocaine, the measuring scale, and the money found in the vanity draw, admission of a hearsay statement by the informant is harmless error. This is not a case where the jury had to consider the charges of sale of cocaine, nor attempted sale, wherein hearsay would certainly not have been admissible, and admission would have been reversible error. Where error is harmless beyond a reasonable doubt, a conviction otherwise valid will not be reversed. State v. Johnson, 550 So.2d 205 (La.App. 4th Cir.1989).
McLaren argues that the trial judge failed to consider any mitigating factors as required by C.Cr.P. art. 894.1 and that the mitigating factors required a lesser sentence. He further argues that the trial court erred in imposing an excessive sentence of twenty-years and a fine of $200,-000.00.
The record shows the trial judge complied with C.Cr.P. art. 894.1. Before sentencing, the trial judge summarized the trial evidence. The judge further noted that McLaren had no prior criminal record, that he was thirty-three years old and married; he also noted that McLaren was unemployed and inferred that McLaren lived by selling narcotics. The judge stated that a lesser sentence would substantially deprecate the seriousness of the crime which he described as the “indiscriminate and wholesale distribution of this deadly drug.”
McLaren also argues that his sentence is constitutionally excessive. A sentence is excessive, even if within the statutory range, under R.S. 40:967(F)(l)(b), if it: (1) makes no measurable contribution to acceptable goals of punishment and is nothing more than the needless imposition of pain and suffering; and (2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983).
*668 Although McLaren has no prior conviction, the evidence is convincing that McLaren was more than the usual vendor who sells to support a habit. We hold McLaren’s sentence was not constitutionally excessive. See State v. Hernandez, 513 So.2d 312 (La.App. 4th Cir.1987), writ denied, 516 So.2d 130 (La.1987); State v. Olidge, 575 So.2d 400 (La.App. 4th Cir. 1991).
A review of the record shows an error patent with regard to defendant’s sentence. Defendant was sentenced to twenty-five years at hard labor and a fine of $200,000.00. This sentence is illegally lenient, but because it is an error patent favorable to defendant and the State has not complained, the illegally lenient sentence cannot be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986).
For the foregoing reasons, we affirm McLaren’s conviction and sentence.
AFFIRMED.