JiCIACCIO, Judge.
In May of 1988, the defendant Raymond Bell pled guilty to ten counts of armed robbery and was sentenced on each count to serve concurrent terms of twenty years at hard labor without the benefit of parole, probation or suspension of sentence. Almost nine years after the sentence was imposed, in December of 1996, defendant filed a Motion to Correct Sentence on the basis that the sentence was illegal as a co-defendant had received a lesser sentence of ten years. In February of 1997, over the State’s objection, the trial court granted defendant’s motion, finding that there should not be a disparity in sentences of these two co-defendants. The trial court reduced defendant Bell’s sentence to that of ten years, and we granted the State’s writ of certiorari to review this ruling.
In support of his motion, defendant relied on La.C.Cr.P. art. 882(A) which provides that the trial court may correct an illegal sentence at any time. However, the sentence of 20 years for each count of armed robbery is not an illegal sentence. Defendant acknowledged in the guilty plea form *1350 that the range of sentences which he could possibly receive was 5 — 99 years for each count, and the twenty year sentence was on the lower end of this range.
La.C.Cr.P. art. 881 provides that the trial court may amend a legal sentence prior to the beginning of the execution of the sentence. In this case, however, the execution of the sentence began in 1988, and the trial court was ^without authority to amend or change the sentence after this time. Although defense counsel contended during the hearing on the reconsideration of the sentence that defendant had been rehabilitated during the execution of the sentence, this is a matter for the Pardon Board and is not within the authority of the trial court.
The current procedural device for a motion for reconsider a sentence, La.C.Cr.P. art 881.1, became effective on January 31, 1992, after defendant’s sentence on May 17, 1988. Even if La.C.Cr.P. art. 881.1 is applicable, this article provides that this motion must be filed within thirty days of sentencing. In this case, the motion was filed over eight and a half years after sentencing, and is therefore untimely.
Further, although the trial court based the lowering of defendant’s sentence on the fact that the co-defendant received a lesser sentence than that of defendant, this does not render defendant’s sentence excessive. The fact that a co-defendant receives a lesser sentence is not grounds for invalidating a defendant’s sentence. See, State v. Jones, 600 So.2d 914 (La.App. 4th Cir.1992), writ denied, 623 So.2d 1300 (La.1993).
We find that the trial court erred in granting defendant’s motion to correct sentence. Accordingly, the trial court’s ruling of February 3, 1997 which lowers defendant’s sentence to ten years is hereby vacated. Defendant’s original sentence of twenty years is reinstated.

WRIT GRANTED; ORIGINAL SENTENCE REINSTATED.

ARMSTRONG, J., concurs in the result.