hBAGNERIS, Judge.
Arnold L. Ballard and Sterling Nelson were charged by bill of information with distribution of cocaine, a violation of La. R.S. 40:967(A). Additionally, Ballard was also charged with an another count of possession with intent to distribute cocaine, another violation of La. R.S. 40:967(A). Ballard was arraigned and pleaded not guilty. Nelson was not arraigned.[1]
The trial court found probable cause and denied the motion to suppress the evidence on March 24th. On June 16, 1998, a twelve-member jury found both Ballard and Nelson guilty as charged. Ballard and Nelson were sentenced to serve fifteen years at hard labor with credit for time served. Ballard and Nelson filed motions for reconsideration of, sentence which were denied. Ballard and Nelson filed motions for appeal which were granted.
| STATEMENT OF CASE
At trial Sergeant Michael Glasser of the New Orleans Police Department testified that he was working undercover on the night of December 4, 1997, when he observed Ballard and Nelson standing on the corner of Esplanade Avenue and North Robertson Street.
Sergeant Glasser testified that he, as well as two other officers, were all dressed in plain clothes and driving an unmarked car. Sergeant Glasser testified that as he turned onto North Robertson Street, he heard Nelson whistle at him. Sergeant Glasser testified that he slowed down, and then Nelson gestured to him to pull over. Sergeant Glasser testified that he pulled his vehicle over, and Nelson approached the driver’s window. Sergeant Glasser further testified that Nelson asked him, “What do you need?” Sergeant Glasser answered that he wanted a “twenty.”
Sergeant Glasser testified that Nelson walked a few steps and spoke with Ballard. Sergeant Glasser testified that he observed Ballard reach into the back of his pants; retrieve a small package; and hand it to Nelson. Nelson returned to Sergeant Glasser’s vehicle and exchanged a piece of white rock-like substance for a twenty-dollar bill.
As the sergeant drove away, he noticed that Nelson returned to the corner where Ballard was standing. One of the other officers in the car radioed the backup team that the purchase was completed, and the backup team then drove in and detained Ballard and Nelson. Meanwhile, Sergeant Glasser circled the block so as to identify Ballard and Nelson, who were stopped. Sergeant Glasser radioed his backup team and told them that they had the men who sold him the rock. At trial, Sergeant Glas-ser identified Nelson and Ballard as the men who sold him a rock on December 4, 1997.
¡.-¡Officer Eduardo Colmenero testified at trial that he was seated in the backseat of the car during the undercover operation where Sergeant Glasser purchased a rock from Ballard and Nelson. Officer Col-menero related the same facts as Sergeant Glasser regarding the undercover drug operation on December 4,1997.
Officer Cindy Scanlan testified that she too was part of the undercover drug operation; she was sitting in the front seat of the car driven by Sergeant Glasser. Officer Scanlan testified that she radioed the backup team immediately after the purchase and gave a description of Ballard and Nelson.
Officer Randy Loumiet testified that he was a member of the backup team that arrested Ballard and Nelson. Officer *1226 Loumiet testified he was located approximately one block from the corner of Esplanade Avenue and North Robertson Street. Officer Loumiet testified that he received a call from Officer Colmenero via radio that the drug transaction was complete. Officer Colmenero also transmitted the location and description of Ballard and Nelson. Officer Louimet testified that he immediately drove to the location and found the men described.
Officer Loumiet testified that the backup team detained Ballard; read him his rights; and frisked him. Officer Louimet testified that during the frisk for weapons and contraband, he discovered a baggie containing two pieces of crack cocaine. Officer Louimet also testified that during this same frisk, he also found a greenish-brown vegetative matter that was located in Ballard’s buttocks. Officer Louimet testified that he used a flashlight to look down the back of Ballard’s pants, and he observed a plastic bag between the cheeks of Ballard’s buttocks. Officer Louimet testified that he put on a surgical glove and removed the bag. Ballard also had a twenty-dollar bill in his hand. Officer Louimet testified that he recovered the marked twenty-dollar bill from Ballard.
14At trial, Karen Lewis Holmes, a Narcotics Expert, testified that she received two envelopes for testing in connection with this case. One envelope contained one piece of white rock-like substance, and the other envelope contained two pieces of white rock-like substance and some vegetative matter. Holmes testified that she tested the pieces of white rock and the vegetative material. She testified that the rocks were positive for cocaine, but the vegetative matter was negative.
Ballard testified that about midnight on December 4, 1997, he was visiting a friend who lived on Esplanade Avenue when Nelson came by to visit. Ballard testified that as he walked out of the house to speak with Nelson, the police arrived and stopped them. Ballard admitted that the police found a rock of cocaine on his person. Ballard testified that he had the rock wrapped in marijuana in his back right-hand pocket. Ballard also testified that he did not have any money. Ballard admitted that he uses cocaine, but he denied selling it.

ERRORS PATENT REVIEW

Arnold Ballard was found guilty of distribution of cocaine and of possession with intent to distribute cocaine, and he was sentenced to one term of fifteen years at hard labor. The record is devoid of any indication as to which of the offenses the sentence applied. This is a patent error. Therefore, we remand Ballard’s case to the trial court for the sole purpose of resen-tencing.
The second patent error is the sentences imposed upon Ballard and Nelson. According to LSAR.S. 40:967(B)(4)(b), a sentence shall be imposed “for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence.”
In the instant case,sentences were not so imposed. Ballard and Nelson were sentenced to one term of fifteen years at hard labor with credit for time served. These | ¡^sentences are illegally lenient. State v. Brumfield, 93-2087 (La. App. 4th Cir.6/30/94), 639 So.2d 1196, 1197-98. However, this Court cannot cure errors favorable to defendants which were not raised by the State. State v. Fraser, 484 So.2d 122, 124-25 (La.1986).

DISCUSSION

In a single assignment of error, Ballard and Nelson argue that the sentences imposed by the trial court were unjustified and excessive. Ballard and Nelson were sentenced under La. R.S. 40:967(B)(4)(b), and the sentencing range is from five to thirty years. They each received a fifteen-year sentence at hard labor with credit for time served.
Ballard and Nelson argue that the trial court erred by sentencing them without stating for the record the factors consid *1227 ered in the sentence, as required by La. C.Cr.P. art. 894.1.
La.C.Cr.P. art. 894.1(C) provides that “the court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in the light of the particular circumstances of the case. State v. Quebedeaux, 424 So.2d 1009 (La.1982). Trial court have broad discretion in the imposition of sentences within statutory limits, and a sentence imposed should not be set aside as excessive in the absence of manifest abuse of that discretion. State v. Trahan, 425 So.2d 1222 (La.1983).
|fiThe trial court’s failure to comply with La. C. Cr. P. art. 894.1 does not automatically render the sentence invalid. A sentence will be upheld if the record clearly illumines the sentencing choice and reflects that the sentence is not excessive. State v. Smith, 430 So.2d 31 (La.1983). The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly demonstrates an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Ballard and Nelson contend that the trial court erred in not considering their backgrounds. The trial court was aware of Ballard and Nelson’s background and that Ballard was a drug user. Furthermore, a multiple bill was filed against Nelson charging him as a triple offender. Therefore,we find that the record clearly shows an adequate factual basis for the sentence imposed Thus, remand is unnecessary, even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Ballard and Nelson contend that their sentences are excessive. However, considering the great discretion afforded the trial court in sentencing, the fifteen year sentences for distribution of cocaine are not excessive under these circumstances. State v. Olidge, 575 So.2d 400 (La.App. 4th Cir.1991), writ denied 629 So.2d 410 (La. 1993); State v. Hernandez, 513 So.2d 312 (La.App. 4th Cir.1987), writ denied 516 So.2d 130 (La.1987).
There is no merit in this assignment.
^Accordingly, for reasons given above, Ballard’s and Nelson’s convictions are affirmed. Nelson’s sentence is affirmed. Ballard’s case is remanded to the trial court for resentencing in accordance with the convictions.
CONVICTIONS AFFIRMED; NELSON’S SENTENCE AFFIRMED; REMANDED FOR RESENTENCING OF BALLARD ONLY IN ACCORDANCE WITH CONVICTIONS.

. The trial court recognized that Nelson had not been arraigned on March 20, 1998, when he appeared in court. However, he was tested for drugs and the result was positive. The court then declined to arraign him while he was under the influence of narcotics. (Record, p. 6). Failure to arraign the defendant is not an error if the defendant goes to trial without objecting. La.C.Cr.P. art. 555. Nelson made no objection prior to trial.