11 McKAY, Judge.
STATEMENT OF THE CASE
The defendant Dennis Drenning[1] was charged by bill of information on December 31, 1997 with a fourth offense of operating a motor vehicle while under the influence of alcoholic beverages (hereinafter DWI), in violation of La. R.S. 14:98. The defendant pleaded not guilty at his March 19, 1998 arraignment. The defendant was found guilty as charged on November 12, 1998, following a bench trial. The trial court denied the defendant’s motions for arrest of judgment and for new trial on January 19, 1999. After the defendant waived all delays, he was sentenced to ten years at hard labor, with credit for time served, without benefit of probation or suspension of sentence, and a fine in the amount of five thousand dollars. The trial court also ordered that the vehicle the defendant was operating at the time of his arrest be impounded and sold at auction. Defense counsel objected to the sentence, and filed a motion for appeal, which was granted. The trial court denied the defendant’s written motion to reconsider sentence on March 8,1999.

¡¿FACTS

Crescent City Connection Officer Nicholas Caffey testified that on December 14, 1996, he stopped the defendant, who was in a “toll tag only” lane at the toll plaza of the Crescent City Connection bridge over the Mississippi River. The defendant did not have a toll tag, and was obstructing *47 traffic. The officer determined that the defendant’s drivers license had been suspended, and also detected the odor of alcohol. Officer Caffey took the defendant into the agency’s headquarters, where the defendant was administered a sobriety test by Officer Caffey’s supervisor. Officer Caffey subsequently issued the defendant a number of citations, including one for driving while intoxicated.
Crescent City Connection Sergeant Peter Maggiore testified that he administered a breathalyzer test to the defendant on December 14, 1996, and that the defendant registered .186.[2]
James Cockle, an employee of the Louisiana Department of Public Safety, Division of State Police, biotechnology section, testified that on October 15, 1996, he certified the breathalyzer machine used by Sgt. Maggiore as properly calibrated.
New Orleans Police Officer Glen Bur-master was qualified by stipulation as an expert in the field of latent fingerprint identification. Officer Burmaster testified that he took fingerprints from the defendant in court on July 1, 1998. He matched those fingerprints to fingerprints contained in packets for the defendant’s three prior DWI convictions.
1 .-¡Officer Maggiore was recalled as a witness by the defense. He replied in the negative when asked whether he had ever received anything from his department authorizing him or ordering him to use the Intoxilizer 5000 for breath tests.

ERRORS PATENT

A review of the record reveals one error patent. The trial court sentenced defendant to ten years at hard labor, without benefit of probation or suspension of sentence. The defendant was convicted of DWI, fourth offense, in violation of La. R.S. 14:98. At a minimum, pursuant to La. R.S. 14:98(E)(2), as in effect on the date of the offense, at least two years of the defendant’s sentence had to be imposed without benefit of suspension of sentence, probation, or parole, with the trial court having the discretion to make an additional portion or all of the sentence to be without such benefits.
This is an illegally lenient sentence, which, however, this court will not correct absent an appeal of the error by the State. See State v. Nelson, 98-2405, pp. 4-5 (La.App. 4 Cir. 11/30/99), 747 So.2d 1224.

ASSIGNMENT OF ERROR NO. 1

By this assignment of error, the defendant claims the trial court erred in adjudicating him a fourth DWI offender under La. R.S. 14:98, because of a defect attending one of his prior convictions. The defendant claims he was not properly Boykinized -advised of his privilege against self-incrimination, his right to a jury trial, and his right to confront his accusers-before pleading guilty to a DWI offense in St. Charles Parish in 1989. The defendant’s trial counsel objected at trial to the use of all three convictions on this ground.
|4In State v. Jones, 404 So.2d 1192 (La.1981), the Louisiana Supreme Court extended the three Boykin rights articulation rule of State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) (interpreting Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)), to the taking of guilty pleas in misdemean- or DWI cases, and to misdemeanor cases in general, other than minor traffic offenses. In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the court made applicable to DWI cases, its holding in State v. Shelton, 621 So.2d 769 (La.1993), which set out the State’s burden of proving the validity of prior guilty pleas for purposes of sentence enhancement under the Habitual Offender Law, La. R.S. 15:529.1. The court in Shelton stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant *48 was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for, example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boy-kin rights, (footnote omitted).
621 So.2d at 779-780.
Unlike most cases where the issue of whether or not a defendant has been properly Boykinized at a prior guilty plea arises, the record in the instant case contains a transcript of the colloquy between the trial court and the defendant at the [5time the guilty plea was entered on June 18, 1989. The transcript clearly shows that trial court advised the defendant of only one Boykin right; his privilege against self-incrimination. While the trial court advised the defendant of his right to a trial, he did not mention a right to a jury trial. Moreover, there was no mention at all of the defendant’s right to confront his accusers. The court also advised the defendant of his right to an attorney at trial, or, if he could not afford one, his right to an appointed attorney. A docket master/minute entry from the date the defendant pleaded guilty states: “ACCUSED ADVISED OF HIS RIGHTS,” and in smaller capital letters, “ALL RIGHTS WAIVED.” There is no plea of guilty form. This evidence, as a whole, does not show that the defendant was fully advised of his Boykin rights.
The State argues that the above evidence is sufficient, noting that the defendant received no jail time on the conviction. The State implicitly argues that there can be no question but that the defendant would have pleaded guilty even had he been specifically advised that he was waiving his right to confront his accusers, and also, specifically, his right to a trial by jury. The State notes that the defendant twice pleaded guilty to DWI offenses subsequent to that occasion, also receiving no jail time for either of those subsequent offenses. We disagree.
The State provides no authority for the proposition that the defendant would have knowingly and intelligently pleaded guilty even if he was not advised of his Boykin rights, and that the court should hold that plea as valid. Clearly, in the instant case the defendant was not fully advised of his “Boykin rights.” Speculation as to what he would have done if properly “Boykin-ized” is irrelevant. What is relevant is that the defendant was not fully “Boykin-ized”.
| r,Fore the foregoing reasons the defendant’s conviction and sentence for fourth offense DWI must be vacated and set aside, a judgment of conviction for third offense DWI entered, and the case remanded for resentencing.
Accordingly, defendant’s conviction and sentence for fourth offense DWI is vacated and set aside. It is further ordered that a judgment of conviction be entered for third offense DWI and that the case be remanded for resentencing.
JUDGMENT VACATED, RENDERED AND REMANDED.

. While virtually all of the documents in the record spell defendant’s first name as "Dennis,” including what appears to be an NCIC computer printout of defendant's rap sheet, the name is spelled "Denis” on defendant’s driver’s license, a copy of which is contained in the record, as well as on the citations issued to him in connection with the instant offense.

. Legal intoxication is .100.